IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| Sonji McKinney, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No.: 3:25-CV-00681-MOC-DCK |
| Prisma Health Greenville Hospital, Russell ) | |
| Guest, Richard Allen, WJCB Law Firm, ) | |
| Magna International, and Kimura Logistics. ) | |
| ) | |
| Defendants. ) | |
| ) | |

## <u>MEMORANDUM IN SUPPORT OF DEFENDANT PRISMA HEALTH GREENVILLE HOSPITAL'S MOTION TO DISMISS</u>

Defendant Prisma Health Greenville Hospital ("Prisma"), by and through the undersigned attorneys, pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure and other applicable law, hereby moves the Court to dismiss with prejudice all claims as asserted against Defendant in Plaintiff Sonji McKinney's Complaint.

### I. FACTUAL AND PROCEDURAL BACKGROUND

It appears that this lawsuit arises from Plaintiff's alleged employment with co-defendant Magna International, Inc. (ECF No. 1-1 at 1.) According to Plaintiff, in or around July 2015, she began working for a third-party off-site vendor for Defendant. (*Id.*) At some point, Plaintiff was hit by a forklift, and that same month she filed for workers' compensation. (*Id.*) Plaintiff alleged that Prisma told her employer that she "was malingering, over reporting seeking attention." (ECF No. 1 at 4-5.) Plaintiff said she received surgery for her injuries and moved to a new state to receive treatment from another healthcare provider. (ECF No. 1-1 at 1.) Plaintiff alleges that on or about April 1, 2016, she attempted to return to work but was still in pain. (*Id.*) At some point

in time, Plaintiff alleges that an unidentified individual forged her name on paperwork at Prisma. (ECF 1-1 at 6.) There are no allegations that this individual was a Prisma employee. (*Id.*) Importantly, all the alleged actions occurred between July 1, 2015, and April 1, 2016. (*Id.* at 1.) Plaintiff's claim should be dismissed because this Court does not have jurisdiction over Prisma, a South Carolina entity, and to the extent that Plaintiff seeks to assert a tort claim against Prisma, the statute of limitations for events alleged over 9.5 to 10 years ago has expired. Thus, Plaintiff's claims against Prisma should be dismissed with prejudice.

## II. LEGAL ARGUMENT

### A. Lack of Jurisdiction

The Court should dismiss Plaintiff's claims for lack of jurisdiction. Federal Rule of Civil Procedure 12(b)(2) authorizes a defendant to move to dismiss a complaint for lack of personal jurisdiction. To survive a Rule 12(b)(2) motion to dismiss, a plaintiff must establish by a preponderance of the evidence that personal jurisdiction exists over the defendant. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005).

This Court relies on North Carolina's long arm statute and the demands of due process to determine whether it may exercise personal jurisdiction over a non-resident defendant. *Biglow v. Speaks*, 2025 U.S. Dist. LEXIS 160130 at *4 (June 3, 2025) (citations omitted). North Carolina's long-arm statute provides this Court may exercise personal jurisdiction over a person present within the state, a person domiciled in the state, a domestic corporation, or a corporation "engaged in substantial activity within [the] State[.]" N.C. Gen Stat. 1-75.4. When determining whether the Court has specific jurisdiction, the Court must consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of

personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003).

The due process inquiry involves two recognized categories of personal jurisdiction: general jurisdiction (or "all-purpose" jurisdiction) and specific jurisdiction (or "case-linked" jurisdiction). *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1779-80 (2017). "A court with general jurisdiction may hear any claim against that defendant, even if all the incidents underlying the claim occurred in a different State." *Id*. at 1780. Specific jurisdiction, on the other hand, exists when the suit "arise[es] out of or relate[s] to the defendant's contacts with the forum." *Id*. "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id*. Here, the Court lacks both general and specific jurisdiction over Defendant as it relates to Plaintiff's claims.

**1. This Court Does Not Have General Jurisdiction over Prisma.**

This Court lacks general jurisdiction over Defendant because it is not "at home" in the North Carolina. "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them [only] when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell,* 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014)); *see also Fischer v. Fed. Express Corp.*, 42 F.4th 366, 384 (3d Cir. 2022). The "at home" forums for a corporate defendant "are the corporation's place of incorporation or its principal place of business." *Id*. at 383 ("[Defendant] is incorporated in Delaware and has a principal place of business in Tennessee, [therefore] it is not 'at home' in Pennsylvania").

3

Case 3:25-cv-00681-MOC-DCK     Document 16-1     Filed 09/30/25     Page 3 of 9

Here, the Complaint and Plaintiff's filings do not allege that Prisma has such "continuous and systematic" affiliations with the North Carolina as to render Prisma "essentially at home" here. Prisma is incorporated in and maintains its principal place of business in South Carolina. Moreover, Prisma does not have a single North Carolina location. Because Plaintiff cannot show that Prisma is "at home" in North Carolina, general jurisdiction cannot serve as the basis for establishing the Court's personal jurisdiction over Prisma for purposes of any of the claims here. This Court is also not the proper venue.

### 2. This Court Lacks Specific Personal Jurisdiction Over Plaintiff's Claims.

Prisma is not subject to specific jurisdiction in the North Carolina for any claims based on activities occurring outside of the North Carolina. Specific jurisdiction requires that a suit "arise out of or relate to the defendant's contacts with the forum." *Bristol-Myers*, 582 U.S. at 262 (internal citations omitted). For a court to exercise specific personal jurisdiction, "there must be 'an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation.'" *Id.* at 1781 (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Id.* at 264.

This Court lacks personal jurisdiction over Prisma because Plaintiff has failed to allege, and cannot allege, that any of her claims arise out of Prisma's activities in the North Carolina. On the contrary, as evidenced by Plaintiff's filings with this Court and the EEOC, Plaintiff's claims arise out of Prisma's alleged activities when (and where) she was a resident of South Carolina. (ECF No. 1; ECF No. 1-1.) Plaintiff further alleges that she had to move to a new state to receive healthcare that she deemed adequate after receiving treatment from Prisma. (ECF No. 1-1 at 1.)

Both Plaintiff's EEOC charge, and Complaint show that Plaintiff now resides in North Carolina, presumably the new state she moved to. (ECF No. 1-1; ECF 1.) Therefore, Plaintiff cannot show this Court has either general jurisdiction or specific jurisdiction over Prisma, and the Complaint should be dismissed.

### 3. The United States District Court for the Western District of North Carolina is Not the Proper Venue

A party may move to dismiss a case for "improper venue" when the venue is "wrong" or "improper" in the forum in which it was brought. *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 55, 134 S. Ct. 568, 577 (2013); Fed. R. Civ. P. 12(b)(3). Venue is governed by 28 U.S.C. § 1391, which provides that "A civil action may be brought in—

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, venue is not proper in the United States District Court for the Western District of Noth Carolina because:

(1) Prisma does not reside in the District of North Carolina;

(2) none of the "events or omissions giving rise to the claim" occurred in the District of North Carolina, rather they (allegedly) occurred in South Carolina; and

(3) this action may be brought in the United States District Court for the District of South Carolina based on Plaintiff's residence at the time of these alleged events.

Accordingly, Plaintiff's Complaint should be dismissed for improper venue.

### B. All of Plaintiff's Claims Are Time-barred Under the Federal Rules of Civil Procedure Rule 12(b)(6).

Any claim that Plaintiff seeks to bring against Prisma is time-barred. Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a party may make a motion to assert a defense for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the complaint. *See Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). In considering a Rule 12(b)(6) motion to dismiss, a court must assume the material well-pleaded allegations of the complaint as true. *Id*. However, "a complaint must contain 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action'" to withstand a motion to dismiss. *Id.* at 193 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The Fourth Circuit has concluded that the Supreme Court's decision in *Twombly* establishes a standard that is "more favorable to dismissal of a complaint" at the earliest stages of a case. *See Giarratano v. Johnson*, 521 F.3d 298, 304 n.3 (4th Cir. 2008).

Here, the claims Plaintiff seeks to pursue against Prisma are time-barred. Any claim on this basis is time-barred. Under South Carolina law, "any action against a medical care provider must be brought within three years of the date of the treatment, omission, or operation giving rise to the cause of action or three years from date of discovery or when it reasonably ought to have been discovered." *Marshall v. Kocher,* 2024 U.S. Dist. LEXIS 216220 at *4 (D.S.C. Nov. 5, 2024) citing S.C. Code Ann. § 15-3-545(A). Plaintiff alleges that she received treatment for her workplace injury she sustained while working for co-defendant Magna International, Inc. on or after July 17, 2015. (ECF No. 1 at 4.) In her Charge, Plaintiff alleges that the latest date she had any alleged action happen was on April 1, 2016, more than nine years ago. (ECF No. 1-1 at 1.) In

fact, Plaintiff admits that sometime during this period she changed healthcare providers. (*Id.*) Thus, Plaintiff's alleged claim regarding the healthcare she received at Prisma is barred as it occurred more than nine years ago, and she had only three years to bring her claim.

Additionally, to the extent Plaintiff attempts to assert the pled Title VII of the Civil Rights Act ("Title VII") of 1964, Age Discrimination in Employment Act ("ADEA") of 1967, and Americans with Disabilities Act of 1990 ("ADA") claims against Prisma, these claims fail because Prisma never employed Plaintiff nor does Plaintiff allege that Prisma ever employed her. *See Butler v. Drive Auto. Indus. Of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015) ("[a]n entity can be held liable in a Title VII action only if it is an 'employer' of the complainant."); *See Sibert v. Raycom Media, Inc.* U.S. Dist. LEXIS 66036 at *10 (D.S.C. March 19, 2018) (Unquestionably, employment is a necessary element to assert a plausible claim under the ADA and the ADEA.) Thus, to the extent Plaintiff seeks to assert any claims against Prisma under Title VII, the ADA, or the ADEA, these claims should be dismissed because Prisma never employed Plaintiff.

## II.     CONCLUSION

Based on the foregoing, Prisma respectfully requests that this Court dismiss Plaintiff's Complaint, with prejudice.

*[SIGNATURE BLOCK ON NEXT PAGE]*

Respectfully submitted,

By: *s/D. Randle Moody, II*
Mallory H. Gantt (Fed. ID No. 57900)
Mallory.gantt@jacksonlewis.com
D. Randle Moody, II *Pro Hac Vice Pending*
Email: randy.moody@jacksonlewis.com

JACKSON LEWIS P.C.
15 South Main Street, Suite 700
Greenville, SC 29601
Phone: 864-232-7000
Fax: 864-235-13811

*ATTORNEYS FOR PRISMA HEALTH GREENVILLE HOSPITAL*

This 30th Day of September 2025.

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 30, 2025, a copy of the foregoing MEMORANDUM IN SUPPORT OF DEFENDANT PRISMA HEALTH GREENVILLE HOSPITAL'S MOTION TO DISMISS**,** has been served upon the following via U.S. Mail to:

Sonji McKinney, *Pro Se*
10315 Ringed Teal Road No. 107
Charlotte, NC  28262
mckinneysonji@gmail.com

*s/ Mallory H. Gantt*