Sonji McKinney vs. Drive Automotive Industries of America, Inc.
WCC File No. 1510391 - Page 3

A workers' compensation settlement and final release is binding on the parties. S.C. Code Reg. § 67-803(C). Our Court has held that "such an agreement is, therefore, not a simple contract but is equivalent to a decree. Indeed, the act provides for its enforcement precisely as for the enforcement of a decree. It is not only a meeting of the minds of the parties, it is that and something more." *Singleton v. Young Lumber Co.*, 236 S.C. 454, 465, 114 S.E.2d 837, 842 (1960). This decree between the parties is more than just an agreement, it is a judgment.[1]

In this case, the clincher agreement relieves the employer and its representatives from any further responsibility for payment of compensation or medical expenses—that is the judgment. Claimant has no right to ask for additional payments even if there is a change in condition. S.C. Code Ann. Regs. 67-801(E). "After a valid compromise agreement has been entered into any subsequent remedy of the parties with reference to the matters included therein must be based on the agreement." *W. T. Ferguson Lumber Co. v. Elliott*, 171 S.C. 455, 461, 172 S.E. 616, 618 (1934).

As there has been a final disposition of the claim, "[r]es judicata bars a subsequent suit by the same parties on the same issues." *Johnson v. Greenwood Mills, Inc.*, 317 S.C. 248, 250, 452 S.E.2d 832, 832 (1994). Here, the issues raised by Claimant meet all three elements, as it is the same claim. The claim was litigated, the parties reached a settlement agreement, and she was compensated for her injury. Simply stated, she was provided benefits under the Act and the case resolved on a full and final basis, there is nothing further to adjudicate. Moreover, Claimant was heard before Commissioner Campbell who determined that the settlement agreement was binding on the parties, and that this claim is barred by *res judicata*. See Decision and Order of Commissioner Campbell dated January 16, 2025.

---

[1] S.C. Code Ann. § 42-17-70 uses the term "judgment" to refer to the enforcement of approved settlement agreements (clinchers). *Spivey v. Carolina Crawler*, 367 S.C. 154, 156, 624 S.E.2d 435, 436 (Ct. App. 2005).

Case 3:25-cv-00681-MOC-DCK     Document 21-1     Filed 10/02/25     Page 1 of 11



A workers' compensation settlement and final release is binding on the parties. S.C. Code Reg. § 67-803(C). Our Court has held that "such an agreement is, therefore, not a simple contract but is equivalent to a decree. Indeed, the act provides for its enforcement precisely as for the enforcement of a decree. It is not only a meeting of the minds of the parties, it is that and something more." *Singleton v. Young Lumber Co.*, 236 S.C. 454, 465, 114 S.E.2d 837, 842 (1960). This decree between the parties is more than just an agreement, it is a judgment.[1]

In this case, the clincher agreement relieves the employer and its representatives from any further responsibility for payment of compensation or medical expenses—that is the judgment. Claimant has no right to ask for additional payments even if there is a change in condition. S.C. Code Ann. Regs. 67-801(E). "After a valid compromise agreement has been entered into any subsequent remedy of the parties with reference to the matters included therein must be based on the agreement." *W. T. Ferguson Lumber Co. v. Elliott*, 171 S.C. 455, 461, 172 S.E. 616, 618 (1934).

As there has been a final disposition of the claim, "[r]es judicata bars a subsequent suit by the same parties on the same issues." *Johnson v. Greenwood Mills, Inc.*, 317 S.C. 248, 250, 452 S.E.2d 832, 832 (1994). Here, the issues raised by Claimant meet all three elements, as it is the same claim. The claim was litigated, the parties reached a settlement agreement, and she was compensated for her injury. Simply stated, she was provided benefits under the Act and the case resolved on a full and final basis, there is nothing further to adjudicate. Moreover, Claimant was heard before Commissioner Campbell who determined that the settlement agreement was binding on the parties, and that this claim is barred by *res judicata*. *See* Decision and Order of Commissioner Campbell dated January 16, 2025.

---

[1] S.C. Code Ann. § 42-17-70 uses the term "judgment" to refer to the enforcement of approved settlement agreements (clinchers). *Spivey v. Carolina Crawler*, 367 S.C. 154, 156, 624 S.E.2d 435, 436 (Ct. App. 2005).

**SCWCC**
**FEB 05 2025**
INSURANCE &
MEDICAL SERVICES

State of South Carolina County of Greenville
South Carolina Workers Compensation Commission
1510391

Sonji McKinney

Plaintiff

-vs-

Magna Drive Automotive and American Zurich
Insurance Company

Defendants

## AFFIDAVIT

I, Katrina Ray, of Greenville, in Greenville, South Carolina, MAKE OATH AND SAY THAT:

1. Her worker's comp case involving a clincher has since been denied by the single commissioner. The basis for reopening a settlement w/ a clincher involved is to prove the victim's condition (from the work injury) has since worsened. There are new medical records indicating her condition has worsened and no one at Prisma Health would assist her during her time in Greenville SC. Until she moved to Charlotte, NC, no one would assist her. When she was being seen in NC her doctor scheduled a back surgery and stated that her condition was due to her work injury in 2015. None of this documented info was taken into consideration during her appeal. Therefore she would like to appeal his decision and also req a motion for a change of venue since she cannot seem to get a fair hearing in SC being that all the judicial parties involved have been prejudicial in their decisions. Clearly if she has new medical records reflecting a substantial change in her condition and witnesses' affidavits which clearly prove this is the case, why is this not being considered? She feels due to the fact there are such big companies w/ large reputations involved, the attorneys allegedly may see this as a threat or even being more involved w/ these companies than they'll ever admit to. For these reasons and much more she would not only like to appeal the Commissioner's decision but again, to req a change of venue.

Page 1 of 3


Turn

2. She had a work related injury at Magna Drive in 2015. She was hit twice by a forklift.

3. She hired Guest & Brady as her worker's comp attorneys believing they had her best interest at heart. They started at req $6,000,000 from Magna Drive and Kimura Logistics as the settlement amount. It went down to $400,000+.

4. Guest and Brady advised Miss McKinney (specifically) to not to read a legal document (settlement agreement) before signing. Whilst doing so, they also had her medical records stating not only was she suffering mentally but physically but still had her sign a settlement agreement under these conditions. This behavior is called signing a document under a state of duress. She has a list of all her medications which included psych meds. They also told her this was a lot of money and convinced her the insurance wouldn't pay anymore. (Medical Records)

5. Prior to her work related injury, Miss McKinney had just signed a contract as a lead/supervisor at her job for a yearly salary of $110,000. Why would she (in her normal state of mind), knowing she can never work again, sign for a settlement that would only be equivalent to about 4 yrs of her annual income? Obviously she shouldn't have been asked to sign any legal documents in this condition. It is illegal to do so.

6. Since she was told not to read but to just sign the settlement agreement there was no explanation of a clincher. No one on her legal team advised her to keep her case open. She was never given that option.

7. The only witness to the work related injury was never interviewed.

8. At the time of the incident there was no safety measure in place requesting the employees to wear any reflective clothing (like neon colored vests) allowing them to be seen by each other when in the warehouse until after this incident in 2015.

9. During the entire 3 yrs of the statute of limitations of her case, her doctors (Prisma Health) ignored her symptoms, implying Miss McKinney was lying about her condition. Her attorneys ignored her many cries for help. However her new Dr states otherwise.

10. Until she moved to Charlotte, NC and began seeing a new doctor, she was told repeatedly by Prisma Health that nothing was wrong w/ her back. She was dismissed w/o being treated for the symptoms she suffered from the injury several times. Her new Dr has since written a statement confirming her condition is definitely from her work related incident in July 2015 & has

worsened since then. Her Dr has since performed a much needed back surgery on Miss McKinney, which all the doctors at Prisma Health denied her.

STATE OF SOUTH CAROLINA

COUNTY OF GREENVILLE

SUBSCRIBED AND SWORN TO BEFORE ME, on the 13th day of December, 2024

Signature *[signature]* (Seal)
NOTARY PUBLIC
My Commission expires:
My Commission Expires
January 13, 2026

*Katrina Ray* (Signature)

Katrina Ray

Copyright 2002-2024, LegalContracts.com

Page 3 of 3

 **Cannon, Gary** 6/11/2024
to me, Lorie, alandas, Br...  

Sonji McKinney,

We received your letter requesting your attorney, Russell Guest, be removed from the case.

With regard to your clcaim, our records indicate the claim WCC 150391 was settled. If your condition has changed or the terms of the settlement agreement have not been kept, you have the right to file a Form 50 requesting a hearing before a Commissioner. The Form 50 may be located at the following link www.wcc.sc.gov/forms. The Form 50 must be accompanied by payment of a filing fee of $50.00. If you are unable to afford the payment you may request a waiver by completing a Form 32 to accompany the Form 50.

Sincerely,

Gary M Cannon

Executive Director

SC Workers' Compensation Commission

**Cannon, Gary** 7/3/2024
to me, Bracy, alandas

From: Cannon, Gary • gcannon@wcc.sc.gov
To: Gods Girl • mckinneysonji@gmail.com
Cc: Bracy, Amy • abracy@wcc.sc.gov
alandas mckinney • londas72@gmail.com
Date: Jul 3, 2024, 2:04 PM
Standard encryption (TLS).
View security details

Ms. McKinney,

The Order for Relief of Counsel has been signed. You are no longer represented by an attorney. You may mail the Form 50 to us for processing. Don't forget to include the Form 32 if you wish to request a waiver to pay the $50 filing fee. We will not process the Form 50 until the Form 32 has been approved or we receive payment for the filing fee.

Thank you.

Gary M Cannon

Executive Director

SC Workers' Compensation Commission

*I was told by workers comp that I had to remove Russell and Richard in order to have a hearing and my form 50 was denied.

Form 32 was denied too!

> I Had To Sell My House Back In November 2021!! I Had To Take Cold Showers Because I Couldn't Afford A New Hot Water Heater! I Had To Take Showers At My Sister's House And My Son's House!! I Was So Ashamed To Ask Anyone For Money So I Ate My Leftovers Out Of The Trash Can..

On Thu, Jul 11, 2024 at 4:26 PM Cannon, Gary <gcannon@wcc.sc.gov> wrote:

Ms. McKinney

The Chairman has full discretion for deciding on the approval of a Form 32. He does not have to give a reason for the denial. There are no appeal rights on this decision.

When you remit a check in the amount of $50.00 for the filing fee, we will process the Form 50.

Gary M Cannon

Executive Director

SC Workers' Compensation Commission

My home & cell phone and internet is disconnected also my car tag is expired because I don't have the money!! My 32 was approved to remove Russell but I have questions on why it was denied for a fair hearing and they know I don't have any money!!

**DENIED FOR MY HEARING BUT APPROVED TO REMOVE GUEST AND BRADY!!!!**

South Carolina Workers' Compensation Commission
1333 Main Street, Suite 500
P.O. Box 1715
Columbia, SC 29202-1715
803-737-5675

WCC File #: 1510391
Carrier File #:
Carrier Code #:

Remove Guest and Brady from my file! Thanks in Advance!

Their contact – 864-233-7200
7A5 N. Pleasantburg Drive
Greenville, SC 29607

My Contact:

Sonji Renae McKinney
1035 Ringed Leaf Rd. Apt 107
Charlotte, NC 28262
980-201-9555 – home phone, no cell

FYI – I moved to North Carolina because of better treatment with me also my health! South Carolina needs to do better because God sees everything and he's going to move in my situation! Thank you! Be Blessed!

S. McKinney

South Carolina Workers' Compensation Commission
1333 Main Street, Suite 500
P.O. BOX 1715
Columbia, SC 29202-1715

WCC File #: 1510391
Carrier File #:

5/22/2024

To whom it may concern,

I would like to have Russell Guest and Richard Allen removed from my case file because I honestly didn't get fair treatment with my accident that occurred on 7/19/2015 @ 2am, located in Piedmont, SC @ Kinusa Logistics! I have suffered tremendously with my physical and mental health since that terrible night in July 2015! I am an African American woman who voice will be heard because Kinusa erased the tape from my accident per Demetrius Hunter their team leader at the time! God's wrath have people that's truly injured behind work injuries and the cover ups need to stop because God is not pleased with such mess! Be Blessed!