# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
### Case No.: 3:25-cv-00681-MOC-DCK

| | |
|---|---|
| SONJI McKINNEY,<br><br> Plaintiff,<br><br>v.<br><br>PRISMA HEALTH GREENVILLE HOSPITAL, et al.,<br><br> Defendants. | **BRIEF IN SUPPORT OF DEFENDANT KIMURA, INC.'S MOTION TO DISMISS** |

 Plaintiff Sonji McKinney previously sued Defendant Kimura, Inc. in South Carolina state court on the exact same allegations she makes here—related to an alleged workplace incident that occurred nearly a decade ago at Kimura's facility in Greenville, South Carolina. That case was resolved and Plaintiff received a financial settlement. She now seeks to bring these same claims again against the same defendant, to obtain more money. This is not just unfair; it is plainly barred by the doctrine of res judicata.

 Plaintiff's claims against Kimura also fail for several other reasons. First, personal jurisdiction over Kimura is lacking, as Plaintiff offers nothing to connect Kimura, which is headquartered and does business in South Carolina, with North Carolina. Second (and relatedly), the venue is improper. Plaintiff's complaint makes clear that her allegations are based on conduct occurring in South Carolina, not in this District. Third, the statute of limitations has long since run on the claims Plaintiff seeks to assert here. For these reasons, discussed more fully below, the Court should dismiss Plaintiff's claims against Kimura.

## BACKGROUND

This case arises out of a workplace injury that allegedly occurred at Kimura's facility in Greenville County, South Carolina. Plaintiff Sonji McKinney alleges that on July 17 2015, while working at Kimura's premises through a third-party arrangement, a forklift struck her. (D.E. 10, 2d Am. Compl. at 7–8.) Plaintiff was never a Kimura employee and does not allege otherwise. She alleges that she underwent surgery and relocated to North Carolina for additional medical treatment. (*Id.*) Plaintiff also claims that during her treatment, her employer received information from a healthcare provider, Prisma Health, that allegedly questioned her credibility, and that at some point, someone forged her signature on documents. (*Id.*) There are no allegations that any relevant event occurred in North Carolina or that Kimura has any presence or operations there. (*Id.*)

Plaintiff previously filed suit against Kimura on December 20, 2017, in the Court of Common Pleas for Greenville County, South Carolina, alleging negligence and negligent hiring. (**Ex. A**, Summons & Compl., *McKinney v. Kimura, Inc.*, No. 2017CP2307967 (S.C. Ct. Com. Pl. Greenville Cty. Dec. 20, 2017).)[1] That suit was resolved at mediation through a confidential settlement and dismissal with prejudice entered on February 28, 2019. (Stip. of Dismissal., *McKinney v. Kimura, Inc.*, No. 2017CP2307967 (S.C. Ct. Com. Pl. Greenville Cty. Feb. 28, 2019).) The stipulation of dismissal made clear that "Plaintiff's Complaint and this action are dismissed with prejudice are forever ended." (*Id.*)

Despite this final resolution, Plaintiff filed this lawsuit on September 9, 2025, nearly a

---

[1] "[W]hen entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact . . . ." *Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000). The docket in the prior case is available here: https://www2.greenvillecounty.org/scjd/PublicIndex/CaseDetails.aspx?CaseType=V&Casenum=2017CP2307967&CourtAgency=23002&Org=CR&utm.

decade after the incident and years after the settlement agreement, attempting to reassert claims against Kimura (incorrectly named "Kimura Logistics") related to the same workplace injury. (D.E. 1, Compl.) Plaintiff filed an Amended Complaint on September 18 and a Second Amended Complaint on September 26 naming additional defendants. (D.E. 6, Am. Compl.; 2d Am. Compl.)

Notably, the only reference to Kimura in Plaintiff's amended pleadings is to state that while working in July 17, 2015, at Kimura Logistics' property as part of her assignment for Magna International, a forklift struck her. (2d Am. Compl. at 7.) Thus, all of Plaintiff's allegations against Kimura stem from the same July 17, 2015 workplace injury at Kimura's Greenville County facility located in South Carolina, the very incident for which she already received a settlement and dismissed her claims with prejudice. Further, all of the alleged events underlying Plaintiff's claims against Kimura occurred entirely in South Carolina, where Kimura is incorporated and maintains its principal place of business.

## ARGUMENT

**I.  Dismissal under Rule 12(b)(2) is warranted because the Court lacks personal jurisdiction over Kimura.**

To survive a Rule 12(b)(2) motion to dismiss, a plaintiff bears the burden of showing by a preponderance of the evidence that the Court may properly exercise personal jurisdiction over the defendant. *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005). Federal courts sitting in North Carolina examine both the state's long-arm statute and the constitutional requirements of due process under the Fourteenth Amendment. *Mitrano v. Hawes*, 377 F.3d 402, 406 (4th Cir. 2004). North Carolina's long-arm statute provides that this Court may exercise personal jurisdiction over a person present within the state, a person domiciled in the state, a domestic corporation, or a corporation "engaged in substantial activity within [the]

State[.]" N.C.G.S. § 1-75.4.

Kimura is incorporated and maintains its principal place of business in South Carolina, where it has two principal locations.[2] Further, Plaintiff identifies a South Carolina address for Kimura and alleges that the incident occurred in Greenville County, South Carolina. (*See* 2d Am. Compl. at 7–8.) There are no allegations that would support an inference that Kimura's operations in North Carolina are so continuous and systematic as to render it essentially at home in this forum. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). As such, the court lacks general jurisdiction over Defendant.

Specific jurisdiction requires that the claims arise out of contacts the defendant purposefully established with the forum state. *Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). Specifically, when determining whether the Court has specific jurisdiction, the Court must also consider "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 396 (4th Cir. 2003) (quoting *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 711–12 (4th Cir. 2002)).

Plaintiff's alleged injury on July 17, 2015, occurred in South Carolina; most of the relevant conduct took place in South Carolina. Further, Plaintiff's relocation to North Carolina for medical treatment does not establish specific jurisdiction over Kimura. Finally, because Plaintiff's claims have no connection to any act or omission Kimura committed in North Carolina, this Court also

---

[2] *See* https://www.kimurainc.com (last visited on Oct. 6, 2025).

lacks specific jurisdiction over Kimura.

II. **Dismissal under Rule 12(b)(3) is warranted because this District is not the proper venue.**

Venue is proper only in a judicial district where (1) any defendant resides, if all defendants reside in the same state; (2) a substantial part of the events or omissions giving rise to the claim occurred; or (3) if no other district is available, where any defendant is subject to personal jurisdiction. 28 U.S.C. § 1391(b). Under Federal Rule of Civil Procedure 12(b)(3), a case may be dismissed for improper venue. *Atl. Marine Constr. Co. v. U.S. Dist. Ct.*, 571 U.S. 49, 55 (2013). When considering a motion to dismiss under Rule 12(b)(3), the court "is permitted to consider evidence outside the pleadings." *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 365–66 (4th Cir. 2012) (citation omitted). A plaintiff "is obliged . . . to make [ ] a prima facie showing of proper venue" to survive such a motion, and a court is required to "view the facts in the light most favorable to the plaintiff." *Id.*

Even under this liberal standard, venue in the Western District of North Carolina is improper. Kimura is incorporated and maintains its principal place of business in South Carolina exclusively and not in North Carolina. In fact, Defendant does not operate or maintain any presence in this District. None of the relevant alleged conduct giving rise to Plaintiff's claims occurred in North Carolina but in South Carolina. Because Plaintiff cannot show that a substantial part of the events or omissions giving rise to her claims occurred in North Carolina, her claims against Kimura must be dismissed for improper venue under Rule 12(b)(3).

III. **Dismissal is warranted under Rule 12(b)(6) for failure to state a claim**.

A. **Legal standard**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,

accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (cleaned up). A complaint's factual allegations are plausible if they "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In ruling on a motion to dismiss, the Court accepts all well pleaded facts as true and draws all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). But the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation omitted). Rule 8 requires more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. This is true here "[e]ven though *pro* se litigants are held to less stringent pleading standards than attorneys." *Lance v. Carolina First Bank*, No. CIV.A. 9:09-2649-SB, 2010 WL 4348076, at *3 (D.S.C. Sept. 27, 2010) (report and recommendation) (quoting *Morgan v. Church's Fried Chicken,* 829 F.2d 10, 12 (6th Cir. 1987)), *adopted*, 2010 WL 4340210 (D.S.C. Oct. 27, 2010). Ultimately, "[a] complaint that does not 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face' must be dismissed." *Murray v. Cash*, No. 1:08CV280, 2013 WL 3543579, at *2 (M.D.N.C. July 11, 2013) (quoting *Iqbal*, 556 U.S. at 678).

**B.     Plaintiff's claims against Kimura are time barred.**

Under South Carolina law, the statute of limitations for personal injury actions, including negligence, is three years. *See* S.C. Code Ann. § 15-3-530(5). The alleged forklift accident at issue in this lawsuit occurred on July 17, 2015. Plaintiff refiled this action in this Court on September 9, 2025, more than a decade later. Plaintiff does not allege any pertinent facts supporting tolling or the application of the discovery rule. In fact, her Second Amended Complaint and supporting exhibits confirm that she knew of the injury, underwent surgery, and relocated for treatment after the incident. Accordingly, the statute of limitations expired long before the Complaint was filed on

September 9, 2025, and Plaintiff's negligence and negligent hiring claims, to the extent that she is re-alleging them, must be dismissed under Rule 12(b)(6).

Additionally, to the extent Plaintiff attempts to assert employment claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans with Disabilities Act, or other employment law claims, these claims fail because Kimura never employed Plaintiff nor does Plaintiff allege that Kimura ever employed her. *See Butler v. Drive Auto. Indus. of Am., Inc.*, 793 F.3d 404, 408 (4th Cir. 2015) ("An entity can be held liable in a Title VII action only if it is an 'employer' of the complainant."); *see Sibert v. Raycom Media, Inc.*, No. 3:17-CV-3435-CMC-KDW, 2018 WL 3132411, at *3 (D.S.C. Mar. 19, 2018) (report and recommendation) ("Unquestionably, employment is a necessary element to assert a plausible claim under the ADA and the ADEA."), *adopted*, 2018 WL 1870521 (D.S.C. Apr. 19, 2018). Thus, to the extent Plaintiff seeks to assert any claims against Kimura under Title VII, the ADA, or the ADEA, these claims should be dismissed because Kimura never employed Plaintiff.

### C. Plaintiff's claims against Kimura are barred by the doctrine of res judicata.

"[R]*es judicata* is an affirmative defense and is treated as a basis for dismissal under Rule 12(b)(6)." *Blue v. Appalachian State Univ.*, No. 5:11CV19-RLV, 2012 WL 242837, at *3 (W.D.N.C. Jan. 25, 2012) (citing *Davani v. Va. Dep't of Transp.*, 434 F.3d 712, 720 (4th Cir. 2006). The doctrine applies where a defendant can establish the following: (1) a final judgment on the merits in an earlier suit, (2) an identity of the causes of action in both the earlier and the later suit, and (3) an identity of the parties . . . in the two suits." *Clodfelter v. Republic of Sudan*, 720 F.3d 199, 210 (4th Cir. 2013) (citation omitted). In short, the doctrine of res judicata bars claims that have already been litigated in a prior action.

Here, the jointly stipulated dismissal with prejudice of all of Plaintiff's claims against

Kimura in the Prior Action constitutes a final judgment on the merits for purposes of res judicata. The dismissal was entered by the Court of Common Pleas for Greenville County, South Carolina on February 28, 2019, confirming that the action was "dismissed with prejudice and forever ended." (Ex. B); *see George v. McClure*, 245 F. Supp. 2d 735, 738 (M.D.N.C. 2003) *aff'd*, 87 F. App'x 914 (4th Cir. 2004) ("A dismissal with prejudice is an adjudication on the merits and has res judicata implications."); *see also Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir. 1987) (stating that "a voluntary dismissal with prejudice is a valid, final judgment on the merits"). Moreover, the Court can take judicial notice of the jointly stipulated dismissal with prejudice of all of Plaintiff's claims in the Prior Action because it is a matter of public record. Accordingly, the first res judicata requirement is satisfied.

The second res judicata element is also satisfied here, as the present action and the prior Action arise out of the same transaction or occurrence. Specifically, the claims in both this action and the Prior Action derive from the alleged incident on July 17, 2015, at the Kimura plant in Greenville, South Carolina when a forklift allegedly struck Plaintiff. *See, e.g.*, *AGI Assocs., LLC v. Profile Aviation Ctr., Inc.*, No. 5:13CV61-RLV, 2013 WL 4482933, at *6 (W.D.N.C. Aug. 21, 2013) (applying the doctrine of res judicata after determining that the plaintiff's subsequent claims arose from the same set of transactions addressed in a prior bankruptcy action), *aff'd sub nom. AGI Assocs., LLC v. City of Hickory, N.C.*, 773 F.3d 576 (4th Cir. 2014).

Third, Plaintiff is asserting a claim against the same defendant from the Prior Action when Plaintiff filed suit against Kimura for Negligence/Gross Negligence and Negligent Supervision and Hiring. (*See* Ex. A.) This action arises out of the same incident and alleges the same conduct. Plaintiff cannot evade preclusion by asserting that the settlement was coerced or that she later learned

8

Case 3:25-cv-00681-MOC-DCK    Document 44-1    Filed 10/10/25    Page 8 of 10

legal information. *See Gaither Corp. v. Skinner*, 241 N.C. 532, 535–36 (1955) (res judicata bars not only matters actually litigated but also those which could have been litigated). The requirements for res judicata are met, and Plaintiff's claims are barred as a matter of law.

## CONCLUSION

For the reasons discussed above, the Court should grant this motion and dismiss with prejudice Plaintiff's claims against Kimura.

Date: October 10, 2025

                                        Respectfully submitted,

                                        */s/ Benjamin S. Morrell*
                                        Benjamin S. Morrell (NC Bar No. 56676)
                                        TAFT STETTINIUS & HOLLISTER LLP
                                        111 East Wacker Drive, Suite 2600
                                        Chicago, IL 60601
                                        Telephone: (312) 527-4000
                                        Facsimile: (312) 527-4011
                                        bmorrell@taftlaw.com

                                        *Counsel for Defendant Kimura, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

**Sonji McKinney**
10315 Ringed Teal Rd
#107
Charlotte, NC 28262
704-201-8171
Email: mckinneysonji@gmail.com

Date: October 10, 2025

/s/ *Benjamin S. Morrell*