# Exhibit A

| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
|---|---|---|
|  | ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | CASE NO.: 2017-CP-23-_____ |
| Sonji Renae McKinney, | ) |  |
|  | ) |  |
| Plaintiff(s), | ) | **SUMMONS** |
|  | ) |  |
| vs. | ) | *(Jury Trial Demanded)* |
|  | ) |  |
| Kimura Inc., | ) |  |
|  | ) |  |
| Defendant(s). | ) |  |
|  | ) |  |

**TO THE ABOVE-NAMED DEFENDANT:**

YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

**GUEST & BRADY, LLC**

s/: Richard K. Allen, III
Richard K. Allen, III S.C. Bar No. 74865
Russell F. Guest S.C. Bar No. 64250
900 E. North Street, Ste 210
Greenville, SC 29601
rguest@guestbrady.com
rallen@guestbrady.com
PH: (864) 233-7200
FAX: (864) 242-3667
ATTORNEYS FOR THE PLAINTIFF

December 20, 2017
Greenville, South Carolina

ELECTRONICALLY FILED - 2017 Dec 20 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2307967

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | THIRTEENTH JUDICIAL CIRCUIT |
| COUNTY OF GREENVILLE | ) | CASE NO.: 2017-CP-23-_____ |
| | ) | |
| Sonji Renae McKinney, | ) | |
| | ) | |
| Plaintiff(s), | ) | **COMPLAINT** |
| | ) | |
| vs. | ) | *(Jury Trial Demanded)* |
| | ) | |
| Kimura, Inc., | ) | |
| | ) | |
| Defendant(s). | ) | |
| | ) | |

The Plaintiff, Sonji Renae McKinney, by and through her undersigned counsel would submit and respectfully show unto this Court the following:

## PARTIES AND JURISDICTION

1. Plaintiff is a citizen and resident of Greenville County, South Carolina.

2. Upon information and belief, Defendant, Kimura, Inc., is a business organized and existing under the laws of the State of South Carolina.

3. At all times relevant to this action, Defendant did act and conduct its business in Greenville County, South Carolina, by and through its agents, servants, employees and representatives who were acting within the scope of their employment and/or assigned duties.

4. This Court has jurisdiction over the parties and subject matter of this action and venue is proper in Greenville County, South Carolina.

## FACTUAL BACKGROUND

5. Plaintiff reasserts and reiterates the allegations above as if fully repeated hereinbelow verbatim.

6. On or about July 17, 2015, Plaintiff was an invitee on the premises of the Defendant's Piedmont location, where she was inspecting parts.

7. At all times mentioned as to the premises, the Defendant was the owner and/or operator in possession and control of the Piedmont location where the Plaintiff was injured.

8. As Plaintiff was performing her duties, a forklift carrying bin(s) driven by Daryl O. Stephens, an employee of the Defendant, collided with the Plaintiff causing her to fall to the concrete surface.

9. At the time that the forklift collided with the Plaintiff, the Defendant's employee Mr. Stephens provided no warning that he was moving in Plaintiff's direction and admittedly failed to keep a proper look out.

10. The Plaintiff was assisted at the scene for her injuries and transported from the scene by ambulance to the hospital.

11. The Plaintiff began to experience symptoms related to the injury immediately after the forklift collision and has sought continuous treatment ever since.

12. As a direct and proximate result of the Defendant's wrongful conduct, Plaintiff has suffered and continues to suffer serious personal debilitating injuries and damages.

**FOR A FIRST CAUSE OF ACTION**
**(Negligence/Gross Negligence)**

13. Plaintiff reasserts and reiterates the allegations above as if fully repeated hereinbelow verbatim.

14. At all times relevant to this action, the subject property was under the ownership, care and control of the Defendant.

15. The Defendant owed duties to: (a.) warn invitees of a known dangerous condition existing on the premises; (b.) provide for the safety of invitees and take reasonable precautions to

ELECTRONICALLY FILED - 2017 Dec 20 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2307967

remove or mitigate a known dangerous condition; (c.) take reasonable precautions to inspect or discover a known dangerous condition, (d.) safely design, construct and maintain a facility layout free of unreasonable, foreseeable pedestrian hazards; (e.) anticipate the harm to its invitees despite any obviousness of the dangerous conditions and to take precautions to remove the potential dangers or harm; and (f.) exercise reasonable prudence to maintain an environment that was safe and free from dangerous conditions that pose risk of harm to invitees.

16. The Defendant, by and through its agents, servants, employees and representatives, who were acting within the scope of their employment or official duties, created and maintained a dangerous condition and/or knew or should have known that a dangerous condition existed, but failed to take reasonable measures to prevent, warn, or eliminate the dangerous condition.

17. The Defendant was responsible for the acts and/or omissions of its agents, servants, employees and representatives while acting within the scope of their official duties and employment.

18. The Defendant, through its agents, servants, employees and representatives, was negligent, grossly negligent, willful and wanton in one or more of the following particulars, to wit:

    a. In failing to properly investigate, hire, train and/or supervise its agents, servants, employees and representatives, including but not limited to Mr. Stephens;

    b. By failing to keep a proper look out, control and/or provide adequate warning of approaching motorized equipment;

    c. By failing to maintain adequate policies and procedures governing the inspection and safe operation of motorized equipment and/or otherwise failing to abide by said policies and procedures;

    d. By failing to anticipate that an invitee, such as Plaintiff, would nevertheless encounter the dangerous condition, or that she would likely be distracted, if the condition is asserted to be or deemed an obvious condition;

    e. By designing, creating and/or maintaining a facility layout in such a way that resulted

ELECTRONICALLY FILED - 2017 Dec 20 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2307967

      in the foreseeable unsafe and dangerous conditions for invitees present on the facility floor;

f. In creating a dangerous condition on its grounds;

g. By failing to adequately discover and/or remedy a dangerous condition despite having actual and/or constructive knowledge of the same;

h. By failing to adequately warn invitees that a dangerous condition existed;

i. By failing to hire, employ, contract with, or otherwise adequately train or supervise persons knowledgeable in safety or otherwise capable of evaluating the risks and hazards on the premises;

j. By failing to use that degree care and caution that a reasonably prudent person would have used under similar circumstances; and

k. In such and further particulars as the evidence at trial might show.

Any or all the aforementioned breaches constitute a violation of the laws and/or ordinances applicable to this action, which have directly and proximately caused Plaintiff to suffer injuries and damages.

19. As a direct and proximate result of Defendant's negligence, gross negligence, careless, willful and wanton acts or omissions, the Plaintiff has suffered and continues to suffer actual damages, both economic and noneconomic in nature, including but not limited to medical bills, severe physical and psychological injuries, pain and suffering, loss of enjoyment of life, permanent impairment, lost wages, loss of present and future earning capacity, and continuing and future medical treatment in an amount to be determined by a jury, punitive damages, along with an award of costs and applicable interest, including pre-judgment interest.

**FOR A SECOND CAUSE OF ACTION**
**(Negligent Supervision and Hiring)**

20. Plaintiff reasserts and reiterates the allegations above as if fully repeated hereinbelow verbatim.

21. Upon information and belief, Mr. Stephens was employed by the Defendant and acting

within the scope of his employment and duties at all times relevant to this action.

22. The Defendant had a duty to reasonably investigate, hire, train, manage, monitor, direct, control and supervise the actions of its agents, servants, employees and representatives.

23. Upon information and belief, the Defendant knew or should have known of the necessity to reasonably investigate, hire, train, manage, monitor, direct, control and supervise the actions of its agents, servants, employees and representatives.

24. Plaintiff is informed and believes that the Defendant had both the ability and opportunity to exercise such supervision with regard to its agents, servants, employees and representatives.

25. The Defendant breached its duty and was otherwise negligent, willful and wanton in its failure to investigate, hire, train, manage, monitor, direct, control, and supervise the actions of its agents, servants, employees and representatives and in such other particulars as may be revealed throughout the discovery process.

26. As a direct and proximate result of Defendant's negligence, negligent hiring and negligent supervision gross negligence, careless, willful and wanton acts or omissions, the Plaintiff has suffered and continues to suffer actual damages, both economic and noneconomic in nature, including but not limited to medical bills, severe physical and psychological injuries, pain and suffering, loss of enjoyment of life, permanent impairment, lost wages, loss of present and future earning capacity, and continuing and future medical treatment in an amount to be determined by a jury, punitive damages, along with an award of costs and applicable interest, including pre-judgment interest.

**WHEREFORE**, Plaintiff prays for judgment against the Defendant in an amount to be determined by a jury for actual damages, punitive damages, costs of this action, together with an award of applicable interest, including pre-judgment interest, and for such other and further relief

ELECTRONICALLY FILED - 2017 Dec 20 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2307967

as the Court may deem just and proper.

**[Plaintiff requests a jury trial.]**

                 **GUEST & BRADY, LLC**

                 s/: Richard K. Allen, III
                 Richard K. Allen, III S.C. Bar No. 74865
                 Russell F. Guest S.C. Bar No. 64250
                 900 E. North Street, Ste 210
                 Greenville, SC 29601
                 rguest@guestbrady.com
                 rallen@guestbrady.com
                 PH: (864) 233-7200
                 FAX: (864) 242-3667
                 ATTORNEYS FOR THE PLAINTIFF

December 20, 2017
Greenville, South Carolina

ELECTRONICALLY FILED - 2017 Dec 20 5:20 PM - GREENVILLE - COMMON PLEAS - CASE#2017CP2307967