UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:25-cv-00681-MOC-DCK

SONJI McKINNEY,

    Plaintiff,

v.

PRISMA HEALTH GREENVILLE HOSPITAL, et al.,

    Defendants.

**DEFENDANT KIMURA, INC.'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Sonji McKinney recently filed a pro se request for the Court to "rule in [her] favor" regarding her claims in this lawsuit against (among others) Defendant Kimura, Inc., claiming it "never replied back to [her] complaint." (D.E. 32.) The request includes a definition of the term "default judgment" and attaches an email from the ECF system regarding the summons of the original complaint being returned executed as to several defendants. (*Id.*) If the Court construes this request as a motion for default judgment against Kimura, it should be denied.

Plaintiff has filed three complaints in this lawsuit—the initial complaint on September 9, 2025 (D.E. 1, Compl.), an amended complaint on September 18 (D.E. 6, Am. Compl.), and a second amended complaint on September 26 (D.E. 10, 2d Am. Compl.). Filing these amended complaints changed the time for Kimura to respond. "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

Thus, Kimura's deadline to respond to the Second Amended Complaint is today, October

10. Kimura has done so by filing a motion to dismiss. (D.E. 44, Mot. to Dismiss.) "Serving a motion on the court pursuant to Rule 12 further alters the time period for a responsive pleading such that: 'if the court denies the motion or postpones its disposition until trial,' the responsive pleading is due within 14 days of the court's decision." *Robinson v. Oaks*, No. 1:21-CV-00123-MR-WCM, 2021 WL 3044155, at *1 (W.D.N.C. July 19, 2021) (quoting Fed. R. Civ. P. 12(a)(4)). Because Kimura "timely filed a Motion to Dismiss under Rule 12(b)(6) and that Motion is still pending, [Kimura] has clearly not failed to plead or otherwise defend in a timely manner," making default of any kind inappropriate.[1] *Id.* (denying motion for default judgment).

For the reasons discussed above, Plaintiff's request and/or motion should be denied.

Date: October 10, 2025

Respectfully submitted,

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell (NC Bar No. 56676)
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant Kimura, Inc.*

---

[1] Pursuant to the plain language of Rule 55, Plaintiff is not entitled to a default judgment against Kimura because the clerk has not entered a default under Rule 55(a).

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

**Sonji McKinney**
10315 Ringed Teal Rd
#107
Charlotte, NC 28262
704-201-8171
Email: mckinneysonji@gmail.com

Date: October 10, 2025

/s/ *Benjamin S. Morrell*