IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:25-cv-681-MOC-DCK

| | |
|---|---|
| Sonji McKinney,<br><br>        Plaintiff,<br>vs.<br><br>Prisma Health Greenville Hospital; Russell Guest; Richard Allen; Esq., WJCB Law Firm (South Lewis); Magna International; Kimura Logistics; The Village at Pelham; T. Bixby (*Detective*); Dr. Justin Hutcheson; Dr. Selma Watson; Dr. Navneet Gupta; Oakview Medical; GHA Police Department; Sled,<br><br>        Defendants. | **DEFENDANTS RUSSELL GUEST, ESQ. AND RICHARD ALLEN, ESQ.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

Defendants Russell Guest, Esq. and Richard Allen, Esq. ("these Defendants"), by and through the undersigned attorney, hereby submit this memorandum of law in opposition to Plaintiff Sonji McKinney's ("Plaintiff") Motion for Default Judgment ("Motion") filed on October 7, 2025. ECF No. 32. Plaintiff's motion should be denied as premature.

## FACTUAL AND PROCEDURAL BACKGROUND

*Pro se* Plaintiff, Sonji McKinney ("Plaintiff"), initiated this employment discrimination lawsuit on September 9, 2025. ECF No. 1. These Defendants were served with Plaintiff's initial Complaint on September 11, 2025. ECF No. 12. Shortly thereafter, Plaintiff filed an amended Complaint ("FAC") on September 18, 2025. ECF No. 6. Plaintiff then sought leave to file a second amended complaint, which was granted on September 26, 2025. ECF Nos. 7 & 9.[1] The Second

---

[1] In granting Plaintiff's motion for leave to file a second amended complaint, the Court determined that the record and Plaintiff's "motion(s)" did not support an evidentiary finding that granting Plaintiff's motion would be prejudicial to defendants, that the motion was made in bad faith, or

Amended Complaint ("SAC") was filed on the same day. ECF No. 10. On September 29, 2025, the Summons Returned Executed for the initial complaint was filed. ECF No. 12.[2] These Defendants were not served with any complaint subsequent to the original.

Out of an abundance of caution, on October 1, 2025, these Defendants, by and through counsel, conferred with *pro se* Plaintiff regarding service of the SAC, and accepted service of the SAC the same day. See Ex. A.[3] On October 3, these Defendants provided Plaintiff with the executed Acceptance of Service, and she acknowledged receipt the same day. See Exs. B & C. On October 7, 2025, Plaintiff filed a Motion for Default Judgment. ECF No. 32. These Defendants were not served with Plaintiff's Motion.

Because Plaintiff's Motion was filed on October 7, 2025, and Plaintiff's Response to the SAC is October 15, 2025, the Motion should be denied as premature, and its filing was, at best, in error.

## LEGAL STANDARD

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a). When confronted with a motion for default judgment, a

---

that Plaintiff's proposed second amended complaint would be futile. ECF No. 9, at 2. Specifically, the Court highlights that no defendants had appeared or responded to the "operative Complaint" Id. The operative complaint at the time of the Court's consideration of Plaintiff's motion was the FAC, which was filed as a matter of course 8 days prior. See, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017)(internal citations omitted)( "Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint "of no effect.").

[2] Plaintiff cites this docket entry as her sole reason as to why default should be entered against these Defendants in disregard for her 2 subsequent amended complaints that mooted the October 2, 2025 response deadline for these Defendants.

[3] Accordingly, these Defendants' actual deadline to respond to the operative complaint (SAC) is October 15, 2025. See Fed. R. Civ. P. 15(a)(3).

District Court may either grant the motion, or set aside the entry of default for good cause. Joe Hand Promotions, Inc. v. GFL United, LLC, 645 F.Supp.3d 350 (M.D.N.C. 2022). Fed. R. Civ. P. 55(b)(2), 55(c).

## ARGUMENT

Plaintiff's Motion should be denied for the simple fact that these Defendants have not failed to plead or otherwise defend the operative complaint. Rule of Civil Procedure 15 establishes a defendants' time to respond to an amended complaint. Specifically, Rule 15 state "Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days of service of the amended pleading, whichever is later." Fed. R. Civ. P. 15(a)(3).

Here, these Defendants' deadline to respond to the original complaint was October 2, 2025. During the time remaining for these Defendants' response thereto, Plaintiff filed two amendments with the most recent being filed on September 26, 2025. Service of the SAC was accepted on October 1, 2025, and these Defendants' deadline to respond is October 15, 2025. Accordingly, Plaintiff's Motion, which was filed 8 days prior to these Defendants' deadline to respond, is premature and these Defendants are not in default. Thus, the Motion must be denied.

## **CONCLUSION**

In conclusion, these Defendants respectfully request this Court deny Plaintiff's Motion for Default Judgment against these Defendants.

This 10th day of October, 2025.

                                            Respectfully submitted,

                                            COPELAND, STAIR, VALZ & LOVELL, LLP

40 Calhoun Street, Suite 400         By:   *s/Blake G. Abbott*
Charleston, SC 29401                       BLAKE G. ABBOTT
babbott@csvl.law                           Fed. Bar No.: 13354
Ph: (843) 727-0307                     ***Attorney for Defendants Russell Guest, Esq. and Richard Allen, Esq.***

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:25-cv-681-MOC-DCK

| | |
|---|---|
| Sonji McKinney, <br><br> Plaintiff, <br><br> vs. <br><br> Prisma Health Greenville Hospital; Russell Guest; Richard Allen; Esq., WJCB Law Firm (South Lewis); Magna International; Kimura Logistics; The Village at Pelham; T. Bixby (*Detective*); Dr. Justin Hutcheson; Dr. Selma Watson; Dr. Navneet Gupta; Oakview Medical; GHA Police Department; Sled, <br><br> Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I have this day served a copy of the within and foregoing ***Defendants Russell Guest, Esq. and Richard Allen, Esq.'s Memorandum in Opposition to Plaintiff's Motion for Default Judgment***, upon all parties to this matter by electronic mail only, addressed to counsel of record as follows:

Sonji McKinney
10315 Ringed Teal Rd. #107
Charlotte, NC 28262
Mckinneysonji@gmail.com
***Pro se Plaintiff***

*All counsel of Record via this Court's Electronic Case Notification (ECF) System*

This 10th day of October, 2025.

<u>*s/Teri Rewt*</u>
*Legal Assistant II for Blake G. Abbott*

40 Calhoun Street, Suite 400
Charleston, SC 29401
Ph: 843-727-0307

5