IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:25-cv-681-MOC-DCK

| | |
|---|---|
| Sonji McKinney, <br><br> Plaintiff, <br> vs. <br><br> Prisma Health Greenville Hospital; Russell Guest; Richard Allen; Esq., WJCB Law Firm (South Lewis); Magna International; Kimura Logistics; The Village at Pelham; T. Bixby (*Detective*); Dr. Justin Hutcheson; Dr. Selma Watson; Dr. Navneet Gupta; Oakview Medical; GHA Police Department; Sled, <br><br> Defendants. | **DEFENDANTS RUSSELL GUEST, ESQ. AND RICHARD ALLEN, ESQ.'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

## INTRODUCTION

Defendants Russell Guest, Esq. and Richard Allen, Esq. ("these Defendants"), by and through the undersigned attorney, hereby move this Court to dismiss all of Plaintiff Sonji McKinney's claims asserted against these Defendants in her Complaint with prejudice in accordance with Federal Rule of Civil Procedure Rules 12(b)(1), 12(b)(2), 12(b)(3) and 12(b)(6).

## FACTUAL AND PROCEDURAL BACKGROUND

*Pro se* Plaintiff, Sonji McKinney ("Plaintiff"), initiated this employment discrimination lawsuit on September 9, 2025. ECF No. 1. According to Plaintiff, in or around July 2015, she began working for a third-party off-site vendor for co-Defendant Magna International, Inc. ("Magna"), and at some point, Plaintiff was hit by a forklift. Id.[1] That same month she filed for

---

[1] See also, ECF No. 1-1, at 8.

workers' compensation. ECF No. 1-1, at 8.[2] Plaintiff alleges she attempted to return to work but she was "constructively discharged" on or about April 1, 2016, due to Magna's failure to accommodate her injuries. Id. As a result, Plaintiff asserts a variety of discriminatory conduct arising from her alleged employment with Magna. Id., at 3-4.[3]

These Defendants were served with Plaintiff's initial Complaint on September 11, 2025. ECF No. 12. Shortly thereafter, Plaintiff filed an amended Complaint ("FAC") on September 18, 2025. ECF No. 6. Plaintiff then sought leave to file a second amended complaint, which was granted on September 26, 2025. ECF Nos. 7 & 9.[4] The Second Amended Complaint ("SAC") was filed on the same day. ECF No. 10. These Defendants accepted service of the Second Amended Complaint on October 1, 2025. ECF No. 47-1. Accordingly, this motion to dismiss is filed.

The SAC fails to allege any basis for jurisdiction. See, ECF No. 10, at 5. As to these Defendants, there is no allegation that these Defendants were employers of Plaintiff. Instead, Plaintiff alleges these Defendants had her "sign legal documents under stress and duress with no explanations those documents were clinchers." Id., at 7. Plaintiff critically fails to assert how this

---

[2] These Defendants were retained by Plaintiff on September 9, 2015 to pursue claims arising from Plaintiff's July 2015 workplace incident, including her workers' compensation claim which successfully reached settlement in February 2017. These Defendants' representation terminated in February 2019 following the significant settlement of a third-party personal injury claim.
[3] See also, ECF No. 1-1, at 8.
[4] In granting Plaintiff's motion for leave to file a second amended complaint, the Court determined that the record and Plaintiff's "motion(s)" did not support an evidentiary finding that granting Plaintiff's motion would be prejudicial to defendants, that the motion was made in bad faith, or that Plaintiff's proposed second amended complaint would be futile. ECF No. 9, at 2. Specifically, the Court highlights that no defendants had appeared or responded to the "operative Complaint" Id. The operative complaint at the time of the Court's consideration of Plaintiff's motion was the FAC, which was filed as a matter of course 8 days prior. See, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017)(internal citations omitted)( "Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint "of no effect.").

2

conclusory allegation relates to her claims of employment discrimination and retaliation as to her Magna employment. The remainder of the allegations against these Defendants are unclear, but appear to assert claims of professional negligence for their representation of Plaintiff that concluded in 2019. Id., at 8. Plaintiff does not attach an affidavit to any complaint to support her allegations. See, ECF Nos. 1, 6, and 10.

Plaintiff's claims should be dismissed because this Court does not have jurisdiction over these Defendants, or Plaintiff's claims. To the extent Plaintiff seeks to assert a tort claim against these Defendants, the statute of limitations for events related to their representation of her that ended over five (5) years ago has expired. Furthermore, to the extent Plaintiff seeks to assert a claim for professional negligence on behalf of these Defendants, Plaintiff failed to file an expert affidavit with the complaint in support of the allegations contained in the complaint as required under South Carolina law. See S.C. Code § 15-36-100. Thus, Plaintiff's claims against these Defendants should be dismissed with prejudice.

## ARGUMENT

I.  **Plaintiff's Claims should be dismissed because this Court does not have jurisdiction over her claims, or these Defendants.**

   A.  **Lack of Subject Matter Jurisdiction – Fed. R. Civ. P. 12(b)(1).**

Defendants may challenge subject matter jurisdiction by contending "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Kern v. U.S. 585 F.3d 187, 192 (4th Cir. 2009); citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). When defendants make a facial challenge to subject matter jurisdiction, "the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration. Id. In that situation, the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction. Id.

3

Here, the SAC makes no allegations as to subject matter jurisdiction. See, ECF No. 10. Accordingly, it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).[5]

B. **Lack of Personal Jurisdiction – Fed. R. Civ. P. 12(b)(2).**

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over the defendant. When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdiction question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence. IMO Industries, Inc. v. SEIM S.R.L., 2006 WL 3780422 (W.D.N.C. Dec. 20, 2006); citing Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) and Dowless v. Warren-Rupp Houdailles, Inc., 800 F.2d 1305, 1307 (4th Cir. 2986). Federal courts sitting in North Carolina examine both the state's long-arm statute and the constitutional requirements of due process under the Fourteenth Amendment. Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004). Pursuant to North Carolina's long-arm statute, this Court may exercise personal jurisdiction over a person present within the state, a person domiciled in the state, a domestic corporation, or a corporation engaged in substantial activity within the state. N.C.G.S. § 1-75.4.

Guest & Brady, LLC is incorporated in South Carolina and maintains its principal place of business in South Carolina. It has multiple office locations, and all within the State of South Carolina.[6] Plaintiff asserts no allegations that these Defendants' operations ever take place in North Carolina-nor can she-let alone that they are engaged in substantial activity within the State

---

[5] Additionally, should the Court wish to consider Plaintiff's previous complaints, Plaintiff alleges federal question jurisdiction pursuant to federal employment acts. Plaintiff does not and cannot allege that these Defendants ever employed Plaintiff.
[6] https://guestbrady.com

4

of North Carolina as required under N.C.G.S. § 1-75.4. Accordingly, this Court lacks general jurisdiction over these Defendants.

When evaluating specific jurisdiction over a defendant, the Court considers: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'" Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003)(internal citations omitted).

Plaintiff's alleged workplace injury, and these Defendants' representation of Plaintiff all took place in South Carolina. Plaintiff's newly established residence in North Carolina does not establish specific jurisdiction over these Defendants. Accordingly, Plaintiff's claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

**II.     Plaintiff's claims should be dismissed because Venue is Improper.**

A party may move to dismiss a case for improper venue when the venue is wrong or improper in the forum in which it was brought. Fed. R. Civ. P. 12(b)(3). Pursuant to 28 U.S.C. § 1391(b), a civil action may be brought in: (i) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (ii) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situation; or (iii) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, these Defendants are incorporated and maintain their business exclusively in the State of South Carolina. None of the conduct alleged in any complaint occurred in North Carolina.

5

Finally, a substantial part of the events or omissions giving rise to Plaintiff's claim did not occur in North Carolina. Accordingly, Plaintiff's claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

### III. Plaintiff's claims should be dismissed because the statute of limitation has run, and she failed to attach a requisite expert affidavit.

To the extent Plaintiff alleges professional negligence on behalf of these Defendants, the statute of limitations to bring such a claim is 3 years. See, N.C. Gen. Stat. § 1-15(c)(2005); see also, S.C. Code 1976, § 15-3-530(5). Here, these Defendants completed their representation of Plaintiff in 2019. Accordingly, her timing of the complaint is untimely, and it must be dismissed under this bright light rule.

Additionally, Plaintiff failed to file an expert affidavit with any complaint in support of the allegations contained in any complaint as required pursuant to S.C. Code § 15-36-100. S.C. Code § 15-36-100 states, "in an action for damages alleging professional negligence against a professional licensed by or registered with the State of South Carolina and listed in subsection (G) . . . the plaintiff must file as part of the complaint an affidavit of an expert witness which must specific at least one negligent act or omission claimed too exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit." See, S.C. Code Ann. § 15-36-100(C)(1). The statute expressly applies to action for professional negligence against attorneys. See, Id., § 15-36-100 (G)(2). "[I]f an affidavit is not filed . . . and the defendant against whom the affidavit should have been filed alleges, by motion to dismiss . . . that the plaintiff has failed to file the requisite affidavit, the complaint is subject to dismissal for failure to state a claim." See, Id. § 15-36-100(C)(1). Accordingly, Plaintiff's claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

## CONCLUSION

For the reasons discussed above, the Court should grant this Motion and dismiss Plaintiff's claims against these Defendants with prejudice.

This 15th day of October, 2025.

                                        Respectfully submitted,

                                        COPELAND, STAIR, VALZ & LOVELL, LLP

| | |
|---|---|
| 40 Calhoun Street, Suite 400<br>Charleston, SC 29401<br>babbott@csvl.law<br>Ph: (843) 727-0307 | By:   *Blake G. Abbott*<br>      BLAKE G. ABBOTT<br>      N.C. Bar No.: 57190<br>***Attorney for Defendants Russell Guest, Esq. and Richard Allen, Esq.*** |

| | |
|---|---|
| Sonji McKinney, <br><br> Plaintiff, <br><br> vs. <br><br> Prisma Health Greenville Hospital; Russell Guest; Richard Allen; Esq., WJCB Law Firm (South Lewis); Magna International; Kimura Logistics; The Village at Pelham; T. Bixby (*Detective*); Dr. Justin Hutcheson; Dr. Selma Watson; Dr. Navneet Gupta; Oakview Medical; GHA Police Department; Sled, <br><br> Defendants. | **CERTIFICATE OF SERVICE** |

I hereby certify that I have this day served a copy of the within and foregoing ***Defendants Russell Guest, Esq. and Richard Allen, Esq.'s Memorandum in Support of Motion to Dismiss***, upon all parties to this matter by electronic mail only, addressed to counsel of record as follows:

<table>
<tr><td align="center">Sonji McKinney<br>10315 Ringed Teal Td. #107<br>Charlotte, NC 28262<br>mckinneysonji@gmail.com<br>***Pro Se Plaintiff***</td><td align="center">*All counsel of Record via this Court's*<br>*Electronic Case Notification (ECF) System*</td></tr>
</table>

This 15th day of October, 2025.

*s/Teri Rewt*
*Legal Assistant II for Blake G. Abbott*

40 Calhoun Street, Suite 400
Charleston, SC 29401
Ph: 843-727-0307