UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:25-cv-00681-MOC-DCK

SONJI McKINNEY,

    Plaintiff,

v.

PRISMA HEALTH GREENVILLE HOSPITAL, et al.,

    Defendants.

**REPLY IN SUPPORT OF DEFENDANT KIMURA, INC.'S MOTION TO DISMISS**

Plaintiff's one-page response (and the many exhibits attached) does not address the arguments raised in Kimura's brief in support of its motion to dismiss based on lack of personal jurisdiction, improper venue, and the statute of limitations. (*See* D.E. 44-1, Br. in Supp. of Kimura's Mot. to Dismiss ("Kimura's Br.").) She thus concedes them for purposes of this motion. Plaintiff's other allegations have no bearing on the merits of Kimura's arguments, and the cases she cites are not apposite. For these reasons, discussed more fully below, Kimura's motion to dismiss should be granted.

**I.    Plaintiff concedes by silence Kimura's arguments in support of dismissal.**

Plaintiff's response fails to address most of the arguments advanced by Kimura in support of its motion to dismiss.[1] Arguments not addressed in a response in opposition to a motion are deemed conceded, and district courts in North Carolina have recognized as much. *Oliver v. Baity*, 208 F. Supp. 3d 681, 690 (M.D.N.C. 2016) (collecting cases); *see also Booker v. Wash. Mutual Bank, FA*, 375 F. Supp.2d 439, 441 (M.D.N.C. 2005) (dismissing pro se complaint where the "Plaintiff

---

[1] Plaintiff does cite a case that mentions the doctrine of res judicata, which Kimura discusses *infra*.

responded to Defendants' motions to dismiss, not by arguing for the sufficiency of her complaint, but by alleging supporting facts and allegations, adding claims, and making numerous assertions and conclusions of law"). Plaintiff's silence on the dispositive issues discussed in Kimura's brief requires dismissal.

## II. Plaintiff's allegation regarding "coercion" does not avoid res judicata.

Plaintiff appears to assert that the settlement in the prior litigation in South Carolina—which resulted in her receiving a substantial settlement payment—was coerced and entered into without her consent. (D.E. 48, Pl.'s Resp. in Opp. to Kimura's Mot. to Dismiss ("Pl.'s MTD Resp.") at 1.) Even if this contention were true, it does not permit re-filing the same claims in a new court. A voluntarily dismissal with prejudice is a final judgment on the merits for res judicata purposes. *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir. 1987). And any attempt to set aside that judgment must be directed to the court that issued it. Fed. R. Civ. P. 60(b). A party may not instead initiate duplicative litigation in another forum.

## III. Plaintiff's argument regarding default judgment is incorrect.

Plaintiff also claims that Kimura did not "reply by 10/2/25" and repeats her request for a default judgment initially made by her in a separate motion. (Pl.'s MTD Resp. at 1; *see* D.E. 32, Pl.'s Mot. for Default J.) Kimura's response in opposition to that motion explains that Plaintiff's filing of her First and Second Amended Complaints changed the time for Kimura to respond, and that Kimura timely responded to the Second Amended Complaint by filing its motion to dismiss. (D.E. 45, Kimura's Resp. in Opp. to Pl.'s Mot. for Default J.) Plaintiff's argument regarding her motion for default judgment is wrong and has no effect on Kimura's motion to dismiss.

### IV. Plaintiff's new allegations and case citations are irrelevant and do not meet the substance of Kimura's arguments in favor of dismissal.

Plaintiff makes various allegations about a witness who was not interviewed in her prior case, video footage that was erased, and other speculative, unsupported allegations regarding "fraud" and other misconduct. (Pl.'s MTD Resp. at 1.) "When defendants file a motion to dismiss under Rule 12(b)(6), courts are generally limited to considering the sufficiency of the allegations set forth in the complaint and the documents attached or incorporated into the complaint." *Powell v. Estate of Davis*, No. 7:24-CV-00078, 2025 WL 28473, at *2 (W.D. Va. Jan. 3, 2025) (cleaned up). "Accordingly, in ruling on a motion to dismiss, the court may not consider additional factual allegations contained in a response in opposition." *Id.* These new allegations by Plaintiff therefore may not be considered here.

The cases Plaintiff cites in her response are not on point. *Russell v. Wal-Mart Stores, Inc.*, 914 S.E.2d 838 (S.C. 2025), is a workers' compensation case from the Supreme Court of South Carolina finding that the claimant's claim for additional benefits based on a change of condition was supported by substantial evidence. *Id.* at 394–95. *Houston v. Garda World Security*, No. 2015-002120, 2018 WL 1040332, at *1 (S.C. Ct. App. Feb. 21, 2018) (per curiam), is an unpublished case from the South Carolina Court of Appeals, also concerning workers' compensation and a changed condition to a physical ailment. *Id.* at *2. This is not a workers' compensation case, and it is not in South Carolina. Those cases have nothing to do with this one.

*Estridge v. Joslyn Clark Controls, Inc.*, 482 S.E.2d 577 (S.C. Ct. App. 1997), is another workers' compensation case, and this one at least mentions the term "res judicata." *Id.* at 539–40. There, the court found that the doctrine did not apply to a claim for psychological injury because the prior litigation at issue did not "resolve[ ] an issue between these parties as to Estridge's claim

for psychological injury." *Id.* at 540. That distinguishes *Estridge* from this case. Here, Plaintiff's complaint in the prior litigation explicitly listed among her actual damages "severe physical and psychological injuries, pain and suffering, loss of enjoyment of life." (D.E. 44-2, Summons & Compl. ¶¶ 19, 26, *McKinney v. Kimura, Inc.*, No. 2017CP2307967 (S.C. Ct. Com. Pl. Greenville Cty. Dec. 20, 2017).) Thus, to the extent Plaintiff seeks compensation for psychological injuries in this lawsuit, those claims are barred by res judicata, just as her claims for physical injuries are. (*See* Kimura's Br. at 7–9.)

## V.     Conclusion

For the reasons discussed above and in the Kimura's brief in support of its motion to dismiss, Plaintiff's claims against Kimura should be dismissed with prejudice.

Date: October 21, 2025

Respectfully submitted,

*/s/ Benjamin S. Morrell*
Benjamin S. Morrell (NC Bar No. 56676)
Taft Stettinius & Hollister LLP
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
Telephone: (312) 527-4000
Facsimile: (312) 527-4011
bmorrell@taftlaw.com

*Counsel for Defendant Kimura, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that on the date listed below, I filed the foregoing document with the Clerk of the Court using the Court's CM/ECF filing system, which will send notice of such filing to all counsel of record. I further certify that on the date listed below, I sent the foregoing document to the following individuals at the address listed below via U.S. Mail first-class, postage prepaid, and via email at the email address listed below:

**Sonji McKinney**
10315 Ringed Teal Rd
#107
Charlotte, NC 28262
704-201-8171
Email: mckinneysonji@gmail.com

Date: October 21, 2025

/s/ *Benjamin S. Morrell*