IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

No. 3:25-CV-00681-MOC-DCK

| | |
|---|---|
| **SONJI MCKINNEY,** | ) <br> ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) |
| **PRISMA HEALTH GREENVILLE HOSPTIAL, RUSSELL GUEST, RICHARD ALLEN, WJCB LAW FIRM (SOUTH LEWIS), MAGNA INTERNATIONAL, KIMURA LOGISTICS, THE VILLAGE AT PELHAM, DETECTIVE T. BIXBY, DR. JUSTIN HUTCHESON, DR. SELMAN WATSON, DR. NAVNEET GUPTA, OAKVIEW MEDICAL, GHA POLICE DEPARTMENT, SLED,** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) <br> ) |

**MEMORANDUM IN SUPPORT OF DEFENDANT
DR. JUSTIN HUTCHESON'S MOTION TO DISMISS**

Defendant Justin Hutcheson, M.D. ("Dr. Hutcheson"), by and through undersigned counsel, respectfully submits this Memorandum in support of his Motion to Dismiss the claims asserted against him by Plaintiff Sonji McKinney ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**I.     INTRODUCTION AND STATEMENT OF FACTS**

This case arises out of Plaintiff's 2015 workplace injury and the subsequent workers' compensation proceedings. (ECF No. 10.) Plaintiff alleges that, while employed by Magna International and working at Defendant Kimura Logistics' facility in 2015, she was struck twice

by a forklift and filed a workers' compensation claim based on those facts. Plaintiff further alleges that she later developed paralysis, approximately eight years after the incident. (*Id.*) Plaintiff goes on to state that, following the paralysis diagnosis, she underwent neck and back surgery and continues to experience ongoing symptoms (*Id.*)

Plaintiff filed her original Complaint on September 9, 2025, and a First Amended Complaint on September 18, 2025. (ECF Nos. 1, 6.) Dr. Hutcheson was not named as a defendant in either of those pleadings. Instead, those filings referenced only "Magna attorney doctors" without identifying Dr. Hutcheson by name, while also containing Plaintiff's checked-box designations of the statutes under which she purported to sue. (*Id.*) On September 26, 2025, Plaintiff filed a Second Amended Complaint naming, among others, Dr. Hutcheson. (ECF No. 10.) In that operative pleading, Plaintiff's sole allegation regarding Dr. Hutcheson is that "Magna attorney doctors (Hutcheson and Watson)" described her as "malingering," "over-reporting," and "seeking attention." (ECF No. 10, § E.) Aside from that statement, the Second Amended Complaint is completely devoid of any reference to Dr. Hutcheson, does not identify any cause of action against Dr. Hutcheson, omits the sections that previously identified the basis for jurisdiction and the statement of claim. (*Id.*)[1]

Exhibits to the Second Amended Complaint reflect that Plaintiff dual-filed a charge of discrimination with the South Carolina Human Affairs Commission and the U.S. Equal Employment Opportunity Commission on September 4, 2025, which was dismissed just one day after it was filed. (ECF No. 10-1.) But Dr. Hutcheson is not identified as a respondent in those

---

[1] Without conceding that the Second Amended Complaint incorporates prior pleadings, Dr. Hutcheson addresses the discrimination and retaliation theories Plaintiff identified in earlier iterations—namely, claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), and retaliation.

filings. Further, there is no allegation in those exhibits or in the Second Amended Complaint that Dr. Hutcheson ever employed Plaintiff, or that he took any action against her in the context of an employment relationship.

## II.     STANDARD OF REVIEW

Under Rule 12(b)(6), a complaint must be dismissed if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive dismissal, "a complaint must contain sufficient factual matter…to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Because Plaintiff proceeds pro se, her filings are construed liberally to ensure potentially meritorious claims are not lost for want of legal draftsmanship. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Although district courts must liberally construe *pro se* complaints and should provide leniency to a *pro se* litigant, courts cannot act as the *pro se* plaintiff's advocate and "cannot develop claims which the plaintiff failed to clearly raise on the face of the Complaint." *See Mckoy v. Charlotte-Mecklenburg Sch.,* No. 3:10-cv-494, 2011 U.S. Dist. LEXIS 52379 *6 (W.D.N.C. May 16, 2011) (citing *Gordon,* 574 F.2d at 1151). Indeed, "a *pro se* plaintiff must still 'allege facts sufficient to state all the elements of [the] claim.'" *Id.* (quoting *Bass v. E.I. DuPont de Nemours & Co.,* 324 F.3d 761, 765 (4th Cir. 2003)).

Here, the Second Amended Complaint fails to identify any cause of action against Dr. Hutcheson because it alleges no facts that, even if accepted as true, would establish a viable legal claim

under any federal employment statute. It does not allege that Dr. Hutcheson was Plaintiff's employer, that he engaged in conduct prohibited by Title VII, the ADA, or the ADEA, or that he took any adverse employment action related to a protected characteristic or activity. The only factual allegation attributed to Dr. Hutcheson is that he described Plaintiff as "malingering," "over-reporting," and "seeking attention" during a workers' compensation evaluation—an allegation that, on its face, does not implicate any protected category or support a claim of discrimination or retaliation. Moreover, Plaintiff's own exhibits reflect an EEOC charge filed in September 2025 concerning events that allegedly occurred in 2016, which not only fails to name Dr. Hutcheson as a respondent but also underscores that any alleged claim is untimely and all available administrative remedies were not timely exhausted.

### III. ARGUMENT

#### A. Plaintiff has failed to state a claim against Dr. Hutcheson.

Plaintiff's Second Amended Complaint fails to plead any cognizable claim for relief against Dr. Hutcheson. The operative pleading does not identify a cause of action against him and contains no facts suggesting that he was Plaintiff's employer or otherwise subject to liability under Title VII, the ADA, or the ADEA. The only factual allegation is that, in the context of workers' compensation proceedings, Dr. Hutcheson—along with another consulting physician—opined that Plaintiff was "malingering," "over-reporting," and "seeking attention."

But this allegation alone is not sufficient to support any federal employment law claim. Courts in this Circuit have consistently held that these statutes do not impose personal liability on individual employees, supervisors, or third-party agents. *See, e.g., Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir. 1998) (Title VII); *Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (ADA); *Birkbeck v. Marvel Lighting Corp.*, 30 F.3d 507, 510–11 (4th Cir. 1994)

(ADEA). As courts in this District have confirmed, where the plaintiff does not allege that the defendant employed her, dismissal is appropriate. *See Mobley v. AAA Cooper Transp.*, No. 1:14-cv-136, 2015 U.S. Dist. LEXIS 22272 at *17-18 (M.D.N.C. Feb. 25, 2015).

Even affording Plaintiff the benefit of the doubt and assuming that her claims are based on protected characteristics she identified in earlier pleadings—such as race, sex, age, or disability—the Second Amended Complaint still fails to state a claim against Dr. Hutcheson. The only factual allegation concerning Dr. Hutcheson is that he described Plaintiff as "malingering," "over-reporting," and "seeking attention" during a workers' compensation proceeding. But this remark is not linked to any protected characteristic and does not plausibly suggest that Dr. Hutcheson discriminated or retaliated against Plaintiff on any unlawful basis. There is no allegation that he made the comment because of Plaintiff's race, sex, age, disability, or any other protected trait, nor is there any allegation that he played a role in any adverse employment action. As such, the Complaint fails to establish the required causal connection between the protected characteristic and the alleged misconduct.

Accordingly, even assuming Plaintiff intended to reassert the claims listed in her earlier pleadings (under Title VII, the ADA, the ADEA, and retaliation), those claims still fail for lack of well-pleaded facts and must be dismissed.

### B. Plaintiff's Claims Are Time-Barred

Even if Plaintiff had stated a cognizable claim against Dr. Hutcheson—which she has not—any such claim is time-barred under federal law. Before bringing suit under Title VII, the ADA, or the ADEA, a plaintiff must first file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged discriminatory act in a deferral

state like North Carolina. See 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1)(B) (ADEA); 42 U.S.C. § 12117(a) (ADA, incorporating Title VII procedures).

Here, Plaintiff's own exhibits confirm that the alleged events involving Dr. Hutcheson occurred in or around 2015–2016. (ECF No. 10, § E.) Yet Plaintiff did not file her EEOC charge until September 4, 2025, nearly nine years later—well beyond the 300-day limitations period. (ECF No. 10-1.) Moreover, the EEOC dismissed the charge on September 5, 2025, explicitly stating that Plaintiff was not in an employment relationship with the responding parties. (Id.)

Because Plaintiff failed to file a timely administrative charge, she is barred from pursuing any federal claims based on alleged conduct occurring in 2015–2016. Courts in this Circuit have routinely dismissed Title VII, ADA, and ADEA claims as untimely where the charge is not filed within the statutory window. *See*, *e.g., McCullough v. Branch Banking & Tr. Co.*, 35 F.3d 127, 131 (4th Cir. 1994); *Davis v. Weiser Sec. Servs., Inc.*, No. 3:13-cv-522-MOC-DSC, 2016 WL 818913, at *3 (W.D.N.C. Feb. 3, 2016) (dismissing pro se Title VII claims for failure to file EEOC charge within 300 days).

Because Plaintiff's charge was indisputably late and any alleged conduct by Dr. Hutcheson falls far outside the applicable limitations period, her claims must be dismissed as untimely.

### IV. CONCLUSION

Plaintiff's Second Amended Complaint fails to state any claim for relief against Dr. Hutcheson. It does not identify a valid cause of action, does not allege that Dr. Hutcheson was her employer, and contains no facts that would support a claim of discrimination or retaliation under Title VII, the ADA, or the ADEA. Even assuming Plaintiff intended to reassert the claims listed in her prior pleadings, they fail as a matter of law and are time-barred under the applicable 300-day administrative filing requirement. For all of these reasons, the claims against Dr. Hutcheson

should be dismissed in their entirety and with prejudice pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Respectfully submitted on October 21, 2025.

YOUNG MOORE AND HENDERSON, P.A.

By: /s/ Christopher A. Page
CHRISTOPHER A. PAGE
N.C. State Bar No.: 19600
MATTHEW C. BURKE
N.C. State Bar No.: 52053
3101 Glenwood Avenue, Suite 200
Raleigh, NC 27612
Ph: 919-782-6860
Fax: 919-782-6753
Email: chris.page@youngmoorelaw.com
Email: matthew.burke@youngmoorelaw.com
*Attorneys for Defendant Justin Hutcheson, M.D.*

## CERTIFICATE OF SERVICE

  I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and served the pro se party listed below by U.S. Mail addressed as follows:

  Sonji Mckinney, Pro Se Plaintiff
  10315 Ringed Teal Road No. 107
  Charlotte, NC 28262

          YOUNG MOORE AND HENDERSON, P.A.

      By: /s/ Christopher A. Page
         CHRISTOPHER A. PAGE
         N.C. State Bar No.: 19600
         MATTHEW C. BURKE
         N.C. State Bar No.: 52053
         3101 Glenwood Avenue, Suite 200
         Raleigh, NC 27612
         Ph: 919-782-6860
         Fax: 919-782-6753
         Email: chris.page@youngmoorelaw.com
         Email: matthew.burke@youngmoorelaw.com
         *Attorneys for Defendant Justin Hutcheson, M.D.*