IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:25-CV-681-MOC-DCK

| | |
|---|---|
| SONJI MCKINNEY,<br><br>    Plaintiff,<br><br>v.<br><br>PRISMA HEALTH GREENVILLE HOSPITAL, et al.,<br><br>    Defendants. | **OAKVIEW MEDICAL ASSOCIATES, LLC'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |

  Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6), Oakview Medical Associates, LLC ("Oakview"), improperly named as "Oakview Medical," moves to dismiss Plaintiff's claims with prejudice. As explained further below, Plaintiff has failed to state any claim against Oakview or to allege any facts to support the exercise of jurisdiction over it. Also, because none of the defendants reside in this district and none of the alleged events giving rise to Plaintiff's claims occurred in this district, venue is not proper. Accordingly, Oakview should be dismissed from this case.

## STATEMENT OF THE CASE

  On September 9, 2025, Plaintiff filed *pro se* a "Complaint for Employment Discrimination." (Doc. No. 1). Less than two weeks later, Plaintiff amended that complaint. (Doc. No. 6). On September 24, 2025, Plaintiff requested to further amend the complaint to include additional defendants, (Doc. No. 7), which the Court granted on September 26, 2025, (Doc. No. 9). Plaintiff filed the Second Amended Complaint on September 26, 2025. (Doc. No. 10). This complaint added Oakview as a defendant, among others. (*Id.* at 4).

1

On September 29, 2025, the Court ordered the Clerk to issue process and directed the United States Marshal to serve process upon Defendants. (Doc. No. 13). Summonses issued that same day. (Doc. No. 14). Oakview received a Summons along with copies of the Second Amended Complaint and the Court's September 29, 2025 Order from a United States Marshal on October 1, 2025. Since that time, several defendants have appeared and filed motions to dismiss. On October 17, 2025, Plaintiff filed a motion for change of venue, (Doc. No. 57), and the time for filing a response to that motion has not yet expired.

## STATEMENT OF ALLEGED FACTS

In the operative complaint (Second Amended Complaint), which is the AO form for a *pro se* Complaint for a Civil Case, Plaintiff does not identify the basis for the Court's jurisdiction over this case. (Doc. No. 10 at 5-6). Plaintiff's purported allegations appear to focus on a workplace injury and related medical treatment which occurred in South Carolina. (*See id.* at 7-8). The only relief Plaintiff seeks is "justice and a fair trial." (*Id.* at 8). Other than identifying Oakview as a defendant, the Second Amended Complaint and its attachments do not reference Oakview or identify any claim against it. (*See* Doc. Nos. 10, 10-1).

## ARGUMENT

**I.   PLAINTIFF'S SECOND AMENDED COMPLAINT IS BEREFT OF ANY FACTUAL ALLEGATIONS THAT WOULD SUPPORT ANY CLAIM AGAINST OAKVIEW.**

The Court appropriately dismisses a case under Federal Rule of Civil Procedure 12(b)(6) where the plaintiff has failed to state any claim for which relief can be granted against the defendant. "While a plaintiff is not charged with pleading facts sufficient to prove her case, as an evidentiary matter, in her complaint, a plaintiff *is* required to allege facts that support a claim for relief." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003). A complaint

must set forth "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). If the complaint lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory, dismissal with prejudice is warranted. *Tolley v. Kivett*, No. 1:01CV00410, 2002 U.S. Dist. LEXIS 24368, at *7 (M.D.N.C. July 1, 2002).

Simply identifying a party as a defendant is not enough to state a claim. "Federal courts have held that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" *Id.* (quoting *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999)); *see also Williams v. Murray*, No. 3:12-cv-169-RJC, 2012 U.S. Dist. LEXIS 178735, at *4 (W.D.N.C. Dec. 18, 2012) (dismissing complaint because, among other reasons, the plaintiff named the defendants only in the caption and not in any other part of the complaint); *Roberson v. All. Midwest Tubular Prods.*, No. 99 C 7461, 2004 U.S. Dist. LEXIS 7385, at *6 (N.D. Ill. Apr. 29, 2004) ("It is well established that a plaintiff cannot state a claim against a defendant by merely including the defendant's name in the caption." (collecting cases)).

The fact that a plaintiff is *pro se* does not relieve the plaintiff from the basic pleading requirements. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). "When considering a motion to dismiss involving *pro se* parties, the court construes the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity. This liberal construction, however, need not extend to outright advocacy for the *pro se* plaintiff." *Buczek v. First Citizens Bank*, No. 3:24-CV-00633-FDW-DCK, 2024 U.S. Dist. LEXIS 202418, at *10 (W.D.N.C. Nov. 5, 2024) (internal quotation marks and citations omitted).

Here, Plaintiff's Second Amended Complaint does not contain any factual allegations whatsoever against Oakview. (*See* Doc. No. 10). Similarly, its attachments do not state any involvement of Oakview in the alleged discrimination.[1] (Doc. No. 10-1). The only mention of Oakview is in the Second Amended Complaint's list of Defendants. (Doc. No. 10 at 4). Because none of Plaintiff's allegations are directed at Oakview's conduct and Plaintiff has failed to plead any cognizable legal theory for relief against Oakview, it should be dismissed with prejudice from this action.

**II.     THE COURT LACKS PERSONAL JURISDICTION OVER OAKVIEW.**

Even if Plaintiff has stated a claim against Oakview, which is denied, dismissal is proper under Federal Rule of Civil Procedure 12(b)(2) as this Court lacks personal jurisdiction over Oakview. "When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff ultimately bears the burden of proving to the district court judge the existence of jurisdiction over the defendant by a preponderance of the evidence." *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.*, 416 F.3d 290, 294 (4th Cir. 2005) (citation omitted). If the Court does not conduct an evidentiary hearing and instead considers the complaint, motion papers, affidavits, and other matters of record, the plaintiff must make a *prima facie* showing of personal jurisdiction to survive dismissal. *Id.*; *Cato Corp. v. L.A. Printex Indus., Inc.*, No. 3:10-cv-00462, 2012 U.S. Dist. LEXIS 88870, at *5 (W.D.N.C. June 27, 2012).

To decide whether the exercise of personal jurisdiction is proper, the Court engages in a two-step inquiry. The Court first decides whether the forum state's law authorizes jurisdiction over

---

[1] To the extent the Court deems Plaintiff to attempt to allege an employment discrimination or retaliation claim against Oakview, Plaintiff has failed to state such a claim. Plaintiff does not allege that Oakview was her employer, and any such claim is time barred. For the reasons set forth in the memoranda of co-defendants, which are incorporated herein by reference, (Doc. Nos. 20-1 at 4-6; 24-1 at 4-5; 44-1 at 7), any such employment claims should be dismissed with prejudice.

4

the defendant, and if it does, the Court then determines whether the assertion of jurisdiction is consistent with due process under the Fourteenth Amendment. *New Wellington*, 416 F.3d at 294. Plaintiff cannot satisfy either step.

First, Oakview is not subject to any provision of North Carolina's long-arm statute, N.C. Gen. Stat. § 1-75.4. Oakview is not a North Carolina company and did not render any services to Plaintiff in North Carolina. (Ex. 1, Dr. Bijoor Decl. ¶¶ 5, 9). As a result, subsections (1) and (5) of the long-arm statute are inapplicable. Furthermore, Plaintiff's allegations concern acts of others which occurred in South Carolina while Plaintiff was a resident and sustained alleged injury there. (Doc. No. 10 at 7-8). Therefore, subsections (3) and (4) do not apply. The remaining subsections of the long-arm statute have no relevancy to the circumstances alleged here. Because North Carolina law does not authorize jurisdiction over Oakview, the Court's inquiry ends, and Oakview should be dismissed from this action.

Second, assuming North Carolina's long-arm statute applies, which Oakview disputes, exercising jurisdiction over Oakview would violate due process. "Under the Fourteenth Amendment's Due Process Clause, there are two paths permitting a court to assert personal jurisdiction over a nonresident defendant": specific jurisdiction and general jurisdiction. *Receiver for Rex Venture Grp., LLC v. Banca Comerciala Victoriabank SA*, 843 F. App'x 485, 490 (4th Cir. 2021) (citation omitted). As this Court has explained:

> Specific jurisdiction exists when the cause of action arises out of or is related to the defendant's contacts with the forum state. To determine if specific jurisdiction exists, a court examines (1) whether the defendant purposefully availed itself of the privileges of conducting activities in the forum state, (2) whether the claims arise out of defendant's activities in the state, and (3) whether the exercise of jurisdiction is constitutionally reasonable.
>
> When the cause of action does not arise out of or relate to the defendant's contacts with the forum state, the defendant may be still be subject to general jurisdiction. In order for a court to have general jurisdiction over a defendant, the defendant's

activities in the forum state must have been "continuous and systematic." The standard for general jurisdiction is "a more demanding standard than is necessary to establish specific jurisdiction." . . . . "Contacts between the corporation and the state must be fairly extensive before the burden of defending suit in the forum state may be imposed upon it without offending traditional notions of fair play and substantial justice." Thus, "only when the continuous corporate operation within a state is thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities may a court assert general jurisdiction over a corporate defendant."

*Cato*, 2012 U.S. Dist. LEXIS 88870, at *6-8 (citations omitted) (cleaned up).

In this case, Plaintiff cannot make a *prima facie* showing of either specific jurisdiction or general jurisdiction. Oakview does not perform or provide services in North Carolina and specifically did not render any services to Plaintiff in North Carolina. (Ex. 1, Dr. Bijoor Decl. ¶¶ 8-9). The Second Amended Complaint does not allege otherwise. In fact, the Second Amended Complaint does not allege *any* activity on the part of Oakview, let alone any activity in North Carolina. Therefore, Plaintiff's purported claims do not arise out of or relate to Oakview's contacts with North Carolina, and specific jurisdiction over Oakview does not exist.

Likewise, general jurisdiction is lacking. Oakview is a limited liability company organized under the laws of South Carolina with its principal place of business in Simpsonville, South Carolina. (*Id.* ¶ 5). Oakview does not have an office or property in North Carolina. (*Id.* ¶¶ 6-7). Its President and sole Member, Dr. Nivedita Bijoor, is resident of and physician in South Carolina; she is not licensed to practice medicine in North Carolina. (*Id.* ¶¶ 2-3). The limited factual allegations in the Second Amended Complaint concern alleged activities in South Carolina—none of which are allegedly Oakview's activities. (Doc. No. 10 at 7-8). The only alleged connections to North Carolina are Plaintiff had back surgery and moved here. (*Id.* at 7). These allegations have no relation to Oakview and fall woefully short of showing that Oakview had continuous and systematic contacts with North Carolina. Under these circumstances, dismissal is appropriate. *See*

*Van Duyn v. Innovative Mill Wright Servs., Inc.*, No. 1:13cv246, 2014 U.S. Dist. LEXIS 119599, at *5 (W.D.N.C. Mar. 19, 2014) (memorandum and recommendation) (recommending granting the Tennessee corporate defendant's motion to dismiss pursuant to Rule 12(b)(2) where "[t]he only connection between North Carolina and this dispute is that Plaintiff happens to currently reside in North Carolina"), *accepted*, 2014 U.S. Dist. LEXIS 119602 (W.D.N.C. Aug. 27, 2014).

### III. VENUE IS NOT PROPER IN THE WESTERN DISTRICT OF NORTH CAROLINA.

Federal Rule of Civil Procedure 12(b)(3) authorizes dismissal for improper venue. Once a defendant challenges venue under this Rule, "the plaintiff bears the burden of establishing that venue is proper" in the judicial district in which the plaintiff brought suit, and the plaintiff must make at least a *prima facie* showing to avoid dismissal. *Carolina Recording Sys., LLC v. Posey*, No. 3:19-cv-477-MOC-DCK, 2020 U.S. Dist. LEXIS 23270, at *8 (W.D.N.C. Feb. 11, 2020) (citations omitted). Moreover, the plaintiff is required to make this showing "as to each claim and as to each party." *Abissi v. U.S. Citizenship & Immigr. Servs.*, 729 F. Supp. 3d 505, 508 (D. Md. 2024).

Absent a statute prescribing venue for a specific claim, the general venue provision, 28 U.S.C. § 1391, governs.[2] The relevant section of that provision provides that:

> A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

---

[2] To the extent the Court deems Plaintiff to attempt to allege a Title VII or Americans with Disabilities Act ("ADA") claim against Oakview, venue is governed by 42 U.S.C. § 2000e-5(f)(3), and, like 28 U.S.C. § 1391(b), Plaintiff's residence in North Carolina does not make venue proper in this district for such a claim. *See Young v. AT&T Mobility, LLC*, Civil Action No. RDB 09-2292, 2010 U.S. Dist. LEXIS 62519, at *4 (D. Md. June 22, 2010) (recognizing that "[t]he rules governing venue for Title VII cases also govern venue for ADA" and "[a] plaintiff's place of residence is . . . not one of the three options for venue provided for by 42 U.S.C. § 2000e-5(f)(3)").

7

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The judicial district encompassing the plaintiff's residence is not among the categories of a proper venue under this provision. *Yates v. Town of Wallace*, No. 4:20-cv-04127-RBH, 2021 U.S. Dist. LEXIS 11250, at *2 (D.S.C. Jan. 21, 2021).

The Western District of North Carolina is not the proper district for this action. For the reasons previously stated, Oakview is not subject to this Court's personal jurisdiction, and therefore, Oakview does not reside in North Carolina for purposes of venue. *See* 28 U.S.C. 1391(c)(2). A substantial part of the alleged events giving rise to Plaintiff's purported claims occurred in the District of South Carolina, not this district. *Cf. id.* § 1391(b)(2), (3). Plaintiff's residence in this district does not make venue proper here, making dismissal necessary.

## **CONCLUSION**

Plaintiff has not stated a claim for relief against Oakview. Also, this Court lacks jurisdiction over Oakview, and venue does not lie in this district. For these reasons, Oakview requests that the Court dismiss Plaintiff's claims against it with prejudice.

[SIGNATURE PAGE FOLLOWS]

This the 22nd day of October 2025.

        s/ Amy C. Petty\
        Leigh Ann Smith\
        N.C. State Bar No. 22063\
        Amy C. Petty\
        N.C. State Bar No. 20894\
        *Attorneys for Oakview Medical Associates, LLC*\
        Batten McLamb Smith PLLC\
        4141 Parklake Avenue, Suite 350\
        Raleigh, North Carolina 27612\
        Phone: (919) 439-2221\
        Facsimile: (919) 780-5382\
        E-mail: lsmith@battenpllc.com\
                apetty@battenpllc.com

Pursuant to *In re: Use of Artificial Intelligence*, Docket No. 3:24-mc-104, I certify that no artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in Lexis. I further certify that every statement and every citation to an authority contained in this document has been checked by an attorney in this case or a paralegal working at their direction as to the accuracy of the proposition for which it is offered, and the citation to the authority provided.

        s/ Amy C. Petty

9

Case 3:25-cv-00681-MOC-DCK   Document 71   Filed 10/22/25   Page 9 of 10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the date set forth below, the undersigned electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification via electronic mail to the parties who are CM/ECF filers or represented by counsel who are CM/ECF filers. By mail:

Sonji McKinney
10315 Ringed Teal Road No. 107
Charlotte, NC 28262
mkinneysonji@gmail.com
*Pro Se Plaintiff*

This the 22nd day of October 2025.

s/ Amy C. Petty
Leigh Ann Smith
N.C. State Bar No. 22063
Amy C. Petty
N.C. State Bar No. 20894
*Attorneys for Oakview Medical Associates, LLC*
Batten McLamb Smith PLLC
4141 Parklake Avenue, Suite 350
Raleigh, North Carolina 27612
Phone: (919) 439-2221
Facsimile: (919) 780-5382
E-mail: lsmith@battenpllc.com
apetty@battenpllc.com