IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:25-cv-681-MOC-DCK

| | |
|---|---|
| Sonji McKinney,<br><br>      Plaintiff,<br>vs.<br><br>Prisma Health Greenville Hospital; Russell Guest; Richard Allen; Esq., WJCB Law Firm (South Lewis); Magna International; Kimura Logistics; The Village at Pelham; T. Bixby (*Detective*); Dr. Justin Hutcheson; Dr. Selma Watson; Dr. Navneet Gupta; Oakview Medical; GHA Police Department; Sled,<br><br>      Defendants. | **DEFENDANTS RUSSELL GUEST, ESQ. AND RICHARD ALLEN, ESQ.'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO CHANGE VENUE** |

Defendants Russell Guest, Esq. and Richard Allen, Esq. ("these Defendants"), by and through the undersigned attorney, hereby submit this memorandum of law in opposition to *pro se* Plaintiff Sonji McKinney's ("Plaintiff") Motion for Change of Venue filed on October 17, 2025. ECF No. 57. Plaintiff requests this Court transfer her case from South Carolina to North Carolina because she "was done wrong" by the State of South Carolina. Id. Plaintiff's Motion is defective in that it requests this Court exercise jurisdiction beyond its district, and the Motion fails to set forth any analysis or reason to establish that North Carolina is the proper venue. Accordingly, these Defendants respectfully request this Court deny Plaintiff's Motion to Change Venue in its entirety.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff initiated this employment discrimination lawsuit in the United States District Court for the Western District of North Carolina on September 9, 2025. ECF No. 1. Plaintiff

subsequently filed two amended complaints on September 18, 2025 and September 26, 2025. See, ECF Nos. 6 & 9.  On October 15, 2025, these Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint, which raised, *inter alia*, an objection to venue.[1]  ECF No. 53 & 53-1.  On October 16, 2025, Plaintiff filed her response, which failed to substantively address these Defendants' arguments that venue was improper.  See, ECF No. 55.  Instead, Plaintiff claimed that she was entitled to a change of venue from South Carolina "because the state of South Carolina did me wrong."  Id.  The next day, Plaintiff filed her Motion to Change Venue, which asserts the same argument.  ECF No. 57.  These Defendants' Motion to Dismiss is fully briefed and pending before the Court.

Plaintiff's Motion to Change Venue argues that she wishes this Court to exercise jurisdiction over her 2017 workers' compensation and personal injuries cases, which she acknowledges have been dismissed with prejudice following the resolution of the same.[2]  ECF No. 57.  According to Plaintiff, she does not want her case to be heard in South Carolina "because they're all friends and look out for each other."  Id.  In support of her motion, Plaintiff attaches three (3) exhibits.  See ECF No. 57-1.  The first is an affidavit for change of venue filed in South Carolina magistrate's court in December 2024 in a civil case against co Defendant Magna International.  Id.  This affidavit simply states that Plaintiff wishes her case to be heard anywhere other than the State of South Carolina. Id. Plaintiff's second exhibit is an excerpt from a transcript of a deposition concerning her employment at Magna International.  Id.  The third exhibit is a

---

[1] These Defendants also seek dismissal of Plaintiff's claims because this Court lacks personal jurisdiction over them, which Plaintiff concedes by failing to address this objection in her opposition papers.  Likewise, Plaintiff does not address personal jurisdiction in her Motion to Change Venue.

[2] Plaintiff does not explain what these dismissed cases have to do with her instant employment discrimination action, however, these Defendants submit this response with the assumption she would like this case to also be transferred to North Carolina.

2

stipulation of dismissal filed in Plaintiff's 2017 personal injury case, which was also pending in South Carolina. Id. Plaintiff's exhibits contain zero reference to North Carolina, and like her Motion, assert no basis to establish venue is proper before this Court.

These Defendants are residents and licensed to practice law in the State of South Carolina. Ex. 1, Russell Guest, Esq. Decl. ¶ 2 & Ex. 2, Richard Allen, Esq. Decl. ¶ 2. They are not licensed to practice in the State of North Carolina. Ex. 1, Russell Guest, Esq. Decl. ¶ 3 & Ex. 2, Richard Allen, Esq. Decl. ¶ 3. These Defendants are attorneys of Guest & Brady, LLC, which is a limited liability company organized under the laws of South Carolina and its principal place of business is located in Greenville, South Carolina. Ex. 1, Russell Guest, Esq. Decl. ¶ 4 & Ex. 2, Richard Allen, Esq. Decl. ¶ 4. Guest & Brady, LLC does not have, and has never had, an office in North Carolina. Ex. 1, Russell Guest, Esq. Decl. ¶ 6 & Ex. 2, Richard Allen, Esq. Decl. ¶ 6. These Defendants do not own, nor have they ever owned any property in North Carolina. Ex. 1, Russell Guest, Esq. Decl. ¶ 8 & Ex. 2, Richard Allen, Esq. Decl. ¶ 8. These Defendants do not perform or provide services in North Carolina. Ex. 1, Russell Guest, Esq. Decl. ¶ 7 & Ex. 2, Richard Allen, Esq. Decl. ¶ 7. These Defendants represented Plaintiff in her workers' compensation and third-party personal injury claims which were filed in South Carolina involving an incident that occurred in South Carolina in 2017. Ex. 1, Russell Guest, Esq. Decl. ¶ 9 & Ex. 2, Richard Allen, Esq. Decl. ¶ 9.

Despite these undisputed facts, and without presenting any evidence or legal authority to the contrary, Plaintiff's Motion to Change Venue requests this Court assume jurisdiction over and transfer this case to itself.

## ARGUMENT

Plaintiff's initiation of the instant action, followed by her Motion to Change Venue to the very same Court, carries with it the inherent admission that North Carolina is not the proper venue for this case. The Motion is unaccompanied by any constitutional or statutory authority permitting this Court to exercise jurisdiction over an out of district case, nor is it accompanied by any evidence that supports that venue is proper in North Carolina. As such, the Motion should be denied, and Plaintiff's claims dismissed.

### I. This Court lacks authority to transfer an out of district case to itself.

It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. Willy v. Coastal Corp., 503 U.S. 131, 136-137 (1992). Improper venue is considered under 28 U.S.C. § 1406, which provides that "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

According to Plaintiff, she seeks to change her "venue from South Carolina to North Carolina." See, ECF No. 57, at 1. However, the plain language of § 1406 restricts transfer authority to the district court *in which the case is filed*. 28 U.S.C. § 1406(a). Because the cases Plaintiff seeks to move are allegedly pending out of this district, this Court lacks jurisdiction to act upon them. Moreover, Plaintiff fails to cite to any statutory mechanism by which a federal district court may import a case from another court. Accordingly, to the extent Plaintiff seeks to transfer cases allegedly pending in South Carolina, this Court lacks jurisdiction to act upon them.

**II. Plaintiff fails to establish that Venue is Proper in North Carolina.**

Venue in federal civil actions is governed by 28 U.S.C. § 1391(b), which provides that an action may be brought only in:

1. A judicial district where any defendant resides, if all defendants reside in the same state;

2. Judicial district in which a substantial part of the events or omissions giving rise to the claim occurred; or

3. If no district satisfies the foregoing, any judicial district where any defendant is subject to the court's personal jurisdiction.

Once an objection to venue is raised, Plaintiff bears the burden of establishing venue is proper. Oppenheimer v. Mountaintop Golf and Lake Club, Inc., 730 F.Supp.3d 203, 205 (W.D.N.C. April 12, 2024).

As described above, Plaintiff submits no evidence in support of her motion that supports venue in North Carolina. That is because South Carolina is the proper venue. Plaintiff's action arises entirely from events alleged to have occurred within the State of South Carolina, these Defendants are domiciled in South Carolina, and these Defendants conduct no business and maintain no offices or agents in State of North Carolina. Accordingly, Plaintiff's Motion must be denied, and her claims against these Defendants dismissed.

## **CONCLUSION**

In conclusion, these Defendants respectfully request this Court deny Plaintiff's Motion to Change Venue, and dismiss Plaintiff's claims.

This 31st day of October, 2025.

Respectfully submitted,

COPELAND, STAIR, VALZ & LOVELL, LLP

40 Calhoun Street, Suite 400  By:  *s/Blake G. Abbott*
Charleston, SC 29401          BLAKE G. ABBOTT
babbott@csvl.law              Fed. Bar No.: 13354
Ph: (843) 727-0307            ***Attorney for Defendants Russell Guest, Esq. and Richard Allen, Esq.***

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO.: 3:25-cv-681-MOC-DCK

| | |
|---|---|
| Sonji McKinney,<br><br>   Plaintiff,<br><br>vs.<br><br>Prisma Health Greenville Hospital; Russell Guest; Richard Allen; Esq., WJCB Law Firm (South Lewis); Magna International; Kimura Logistics; The Village at Pelham; T. Bixby (*Detective*); Dr. Justin Hutcheson; Dr. Selma Watson; Dr. Navneet Gupta; Oakview Medical; GHA Police Department; Sled,<br><br>   Defendants. | **CERTIFICATE OF SERVICE** |

  I hereby certify that I have this day served a copy of the within and foregoing ***Defendants Russell Guest, Esq. and Richard Allen, Esq.'s Memorandum in Opposition to Plaintiff's Motion to Change Venue***, upon all parties to this matter by electronic mail only, addressed to counsel of record as follows:

Sonji McKinney
10315 Ringed Teal Rd. #107
Charlotte, NC 28262
Mckinneysonji@gmail.com
*Pro se Plaintiff via Electronic Case Notification (ECF) System*

***All counsel of Record via this Court's
Electronic Case Notification (ECF) System***

This 31st day of October, 2025.

                 *s/Blake G. Abbott*
                 Blake G. Abbott

40 Calhoun Street, Suite 400
Charleston, SC 29401
Ph: 843-727-0307

7

Case 3:25-cv-00681-MOC-DCK  Document 87  Filed 10/31/25  Page 7 of 7